## DEGRAW, executor, &c. *vs.* CLASON.

An annuity bequeathed by the testator to his widow, in lieu of her dower, and charged upon his real and personal estate by his will, is liable to the claims of the creditors of the widow, and may be reached by a creditor's bill against her.

Where a defendant in a creditor's bill is directed to assign his property to a receiver, under the direction of a master, it is neither necessary nor proper for the master, in settling the form of the assignment, to insert an exception in such assignment, of property held in trust for the defendant, and which has proceeded from some other person.

The only property, held in trust for a debtor, which cannot be reached by a creditor's bill against him, is that which is held in trust to receive the rents and profits and income thereof, and to apply such rents or income to the support of the cestui que trust; that is, an interest in trust property which the cestui que trust has not the power to alienate by any sale or assignment executed by him.

And where the interest of the defendant, in trust property, is such that he cannot alienate it by a voluntary conveyance, such interest will not pass to the receiver by a general assignment of all the defendant's property, choses in action, and equitable interest, executed under an order of the court of chancery upon a creditor's bill.

Degraw *v.* Clason.

But where the interest of the defendant in a trust fund is suoh that he has a right tq sell it, he is bound in equity to appropriate it to the payment of his honest debts, and he must assign it to the receiver in a creditor's suit.

An annuity for life given directly to the legatee, and charged by the testator in his will upon his real and personal estate, is not property held in trust for the legatee; but is an absolute legacy, the payment of which out of the estate upon which it is a charge, the legatee may enforce by a bill in equity.

The owner of real or personal property, under the provisions of the revised statutes, may create an interest in the rents or income thereof in trust for the use or benefit of a third person, whom the donor is unwilling to entrust with the absolute disposition and control of such beneficial interest, by anticipation. But neither law nor sound policy allows a person to hold an absolute title to property, so as to be able to use and dispose of it as he pleases, for his own benefit, and yet to withhold it from his creditors, by means of a mere nominal trust.

THIS was an application in the nature of an appeal, from the decision of Master Robinson, in settling the form of an assignment to a receiver, from the defendant in a creditor's bill. The complainant's bill, after setting forth the recovery of the judgment against the defendant, and the return of an execution unsatisfied, and the several matters required to be stated in creditors' bills by the 189th rule of this court, set out the will of W. J. Clason, the former husband of the defendant, bequeathing to her an annuity of $700 during her life or widowhood, in lieu of dower; which annuity was by the will charged upon the real and personal estate of the testator. The master, in settling the form of the assignment, directed the following exception to be inserted therein : " Except such right and interest of the said S. A. Clason as is created by the last will and testament of W. J. Clason deceased, in the annuity or yearly sum of $700, proceeding from the estate bequeathed by said will, as mentioned in the bill in this cause."

*A. W. Clason, Jr.* for the complainants. The annuity given to the defendant does not fall within the exception in the revised statutes in relation to trusts created by third persons. (2 *R. S.* 174, § 38, *1st ed.*) It is not a trust. No trustee is appointed by the will, either expressly or by implication of law. The estate created by the will, in favor of the defendant, is an annuity or rent charge, and not a trust. (*Arnold* v. *Kempstead and wife,*

*Amb.* 466. *Villareal* v. *Ld. Galway, id.* 682. 10 *John. R.* 30.)
A testamentary provision in lieu of dower has never been treated
as a trust. Even if the annuity is a trust, it is not one of those
trusts contemplated by the statute. In *Le Roy* v. *Rogers,* (3
*Paige,* 234,) the chancellor says that "the exceptions in the
statute relate to trusts held by a third person for the benefit of
the judgment debtor or his family, and created by persons other
than himself; but it does not relate to property he himself holds
in trust and in which he has a beneficial interest, although the
trust was created by a third person." If then this annuity is a
trust, it is a trust in which the defendant has a beneficial interest;
and it is a trust which proceeded from the defendant herself.
She created it and paid the consideration for it. The considera-
tion was her dower, to which, upon her husband's death, she
had a perfect right. She had in the lands of her husband, during
his life, an interest, (the inchoate right of dower,) a valuable in-
terest, which he could neither alienate nor impair, and which
alone would have formed a valid consideration, in equity,
for a jointure before or after marriage. Her third of his personal
estate forms another consideration for the annuity given her in
his will.

The cases of *Clute* v. *Bool,* (8 *Paige,* 83,) and *Cook* v. *Gott,*
relied on by the counsel for the defendant, were cases of gratu-
ities; this is a matter of bargain and sale; an exchange of one
thing of value for another. A provision by will in addition to
dower might be a gratuity, a benevolence. A provision in
derogation of dower is the very opposite of one. (*Bull* v.
*Church,* 5 *Hill,* 206.)

*E. Sandford,* for the defendant. The creditors of the defen-
dant have no equitable claim upon the provisions made in her
behalf in the will, for the satisfaction of her debts. (8 *Paige,*
83. 7 *Id.* 738.) This provision is a *trust,* within the revised
statutes. (1 *R. S.* 728, § 55, *sub.* 3.) No express words and no
appointment of trustees are essential to the creation of a trust.
The estate is devised by the testator to the children, charged
with the trust. They are the trustees, and if they were not, the

trust would not fail in a court of equity for the want of trustees, as the court itself would execute it. (2 *Story's Eq. Jur.* 3d ed. 395, §§ 1058, 1059.) Although this trust creates a beneficial interest in Mrs. Clason, still it is a beneficial interest in a trust for the receipt of rents and profits of lands; and she is prohibited by law from assigning or in any manner disposing of such interest. (1 *R. S.* 2d ed. 724, § 63.) The provision was intended to secure her a quarterly provision during her life or widowhood, and to place such means of support beyond her reach, or the reach of her creditors; and the court, in construing this devise, will be governed by the intention of the testator, and the general scope of the will. It is apparent that he did not design to vest in her an absolute or beneficial interest, such as would be the subject of a grant or sale. If it could be sold, it might be conveyed in anticipation, and the very provision intended to guard against improvidence and prodigality be made the means of supply to both. Her right to receive the next quarter-yearly payment does not accrue until the time elapses. An assignment can only operate upon a present right or interest. She cannot convey this right, which is yet to be acquired, and which is subject to the two-fold contingency of death and marriage ad interim. The injunction issued operates to restrain the defendant from receiving a sum of money, the payment of which she has then a right to demand. It does not apply to a right thereafter to be acquired. The case is most clearly within the intention and terms of the statute, and also within the principles declared in *Clute* v. *Bool*, (8 *Paige*, 83.) "The fund held in trust" did not proceed from the defendant herself. The trust was "created by" the testator. He owned the property exclusively. He created in it this interest, for the benefit of his then wife. But he created it upon conditions. She was not to marry; and she was not to take this benefit out of his estate, and also take her dower in it. As the fund "held in trust" in this case never was the property of the defendant, it could not proceed from her. It comes directly up to the statute definition of a fund held in trust proceeding from some other person. That Mrs. Clason had to

do something before she became entitled to the benefit of it, neither rendered her its creator nor its source.

THE CHANCELLOR. If it was proper for the master to direct any exception to be inserted in the assignment to the receiver, under this order of reference, it should have been in the language of the exception contained in the thirty-eighth section of the article of the revised statutes relative to the court of chancery. (2 *R. S.* 174.) No exception of this kind, however, is necessary or proper to be inserted in the assignment; as this court, in the case of *Hallett* v. *Thompson*, (5 *Paige's Rep.* 583,) has decided that this section of the statute was only intended to exempt the beneficial interest, of the cestui que trust, in those cases where the cestui que trust himself could not voluntarily alien his interest in the trust property. And in those cases a general assignment to the receiver will not convey to him an interest in a trust for the receipt of the rents and profits of lands, or of the interest or income of personal estate for the use of a cestui que trust, which by law is inalienable by the assignor.

But where the defendant himself has a right to sell his interest in the trust fund, in anticipation, and to use the proceeds of such sale as he pleases, equity requires that he should appropriate it to the payment of his honest debts; and he must assign such interest to the receiver in a creditor's suit. The owner of real or personal estate may create an interest in the rents and profits, or the income thereof, under the provisions of the revised statutes, in trust for the use or benefit of a third person, whom from improvidence or otherwise, the donor does not think proper to entrust with the absolute disposition and control of his beneficial interest, in the trust property, by anticipation. But neither law nor sound policy will allow an absolute and unconditional right to property to be vested in a person, which he may use and dispose of as he pleases, by anticipation or otherwise, but in relation to which property he may set his creditors at defiance, by means of a mere nominal trust. Even in those cases where the legislature has thought proper to allow an inalienable interest in the

Degraw *v.* Clason.

rents and income of property to be created, by means of a valid trust, a reasonable limitation has been fixed to the power to protect that interest against the honest claims of creditors, by subjecting the surplus income, beyond what may be necessary for the education and support of the cestui que trust, to their equitable claims to payment. (1 *R. S.* 729, § 57. *Idem,* 773, § 2.)

In the case under consideration, I can see no ground whatever for considering this bequest as a trust; any more than in the case of an ordinary pecuniary legacy payable immediately, and charged upon the real estate, as well as upon the personal estate, of the testator generally. The real and personal estate is not devised or bequeathed to trustees, but to the testator's two sons absolutely, in fee, subject however to the charge of the legacy; nor is the legacy charged upon the rents or income of the property merely, but upon the whole estate generally. If the testator had left personal estate sufficient, that would have been the primary fund for the payment of the annuity; and the widow might have brought an action at law against the personal representatives of the testator, in her own name, for the recovery thereof, upon complying with the requisitions of the statute as to security, if the annuity was not paid from time to time, as it became due; or she might have compelled payment thereof by a proceeding before the surrogate. But as the testator left no personal estate beyond the amount of his debts, the annuity was a charge upon his land, in the hands of the devisees, or their grantees, which this court would enforce, by a sale of the real estate upon which the annuity was a lien, if the quarterly payments were not made, by the owners of the estate, from time to time as they became due. In no sense, then, can this annuity be said to be property, money, or a thing in action *held in trust* for the defendant, within the intent and meaning of the exception in the thirty-eighth section of the title of the revised statutes before referred to. The master, therefore, should not have directed this exception to be inserted in the assignment of the defendant's property to the receiver, but should have approved a general assignment without such an exception.

The acceptance of this assignment, under the decision of the master, with full notice from the counsel for the complainants that they excepted to such decision, was no waiver of their right to bring the question before the court for review. An order must therefore be entered, directing the defendant to execute a new assignment to the receiver, for the purposes of this suit, of all her right and interest in the annuity or yearly sum of $700 to which she now is entitled, or may hereafter be entitled, under the will of her deceased husband, as mentioned in the complainant's bill; such new assignment to be executed under the direction of the master, and to be approved of by him as to its form and manner of execution. The taxable costs of the complainants upon this application are to abide the event of this suit, and to be paid by the receiver out of the assigned property, if the complainants succeed in obtaining a decree against the defendant.