Woodruff, J.
Proceedings supplementary to execution having been instituted herein by the plaintiff, under section 292 of the Code of Procedure, an order of reference was made for the examination of the defendant, and the taking of proofs in relation to the property of the defendant, and by the report of the referee, and the examination taken before him, it appears that a brother of the defendant, Russell H. Nevius, heretofore, on or about November 26th, 1853, died, leaving a last will and testament, by which, among other things therein contained, he devised and bequeathed all the rest and residue of his estate, real and personal, to his executors therein named, to and for the purposes following, that is to say, to sell and convey the real estate in fee'simple, and to convert the personal property into money, and after deducting *674 expenses, etc., to divide the net proceeds of all the said residuary estate into ten equal shares for the purposes of distribution as thereinafter directed.
Among those directions, the will proceeds: “ 35th. I order and direct my executors to invest one other of said shares, and to apply the interest and income thereof to my brother Samuel,” (the above defendant,) “ during his natural life, and upon his death, to distribute and pay over said principal sum, with all unappropriated income, to and among his then living lawful issue, each then living child of his taking one equal share thereof, and the issue of any deceased child of his taking by representation the share their parent would have taken if then living.”
It further appears that the will has been proved, and letters testamentary granted to David H. Nevius, executor. That the estate has been so far converted and distributed, that about $28,000 has been invested on account of that share of which the income is directed to be applied to the use of the above-named defendant; and the executor, on his examination as a witness, testifies that he thinks that when the residue of the estate is converted and distributed, “there will be at least $22,000 more to be invested on the same account.” The undivided portion óf the estate, or a portion of it, is productive, and none of the income therefrom has yet been applied to the use of the defendant; but, as the executor testifies, “it goes into the general fund' of the estate, to be paid over as principal or income hereafter, as he may be advised.”
The income of the $28,000 already distributed and invested is “ about $2,000 per annum,” and all the income yet accrued and collected thereon has been paid over to the defendant, and the executor has advanced, he says, to the defendant about $1,100 not yet realized from the share invested for his benefit.
A receiver, Mr. Oliver- D. Cooke, having been appointed in the proceedings supplementary to execution, such receiver now applies by petition, stating that all the debts, property, equitable interests, rights, and things in action of the defendant, vested in him as such receiver, are those mentioned in the report of the referee, as above set forth. That the interest of the judgment creditors requires that the same should be sold, and that he, the receiver, is desirous to make the said sale, and close the trusts of his receivership, accord *675 ing to law, without delay, and without incurring personal responsibility.
He therefore prays that an order be granted permitting him to make the said sale, and that such further order be made as the court may see fit to grant.
Notice of the presentation of this petition, and of the motion that the prayer be granted, is served upon the attorney for the defendant, and also upon the executor, David H. Nevius, both of whom appear by their counsel and oppose the motion.
Although this proceeding is in the name of the receiver only, by his own attorney, and is apparently taken for the purpose of closing his trust and relieving him from any further responsibility, and although no notice of the application appears by the papers to have been served upon the plaintiffs in the action, the judgment creditors, whose interests are chiefly concerned therein, the motion appeared to be urged on the argument as made for their benefit, and was, as I understand, supported by their counsel, in fact, and for the purpose of realizing, by a sale, or under the further relief prayed for, the satisfaction of their debt out of the fund in the hands of the executors.
It might be a summary disposition of this application to say, that if the judgment debtor has, under the will of his deceased brother, an interest which has passed to the receiver, and is the subject of sale and transfer, no injustice would be done by granting the order at the instance of the plaintiffs; and if he have no such interest, then granting the order would work no injustice, because the purchaser would buy at his peril, and would take nothing by his purchase.
But this would be a most unsatisfactory mode of disposing of the subject, and if, in the view of the court, the debtor has not such an interest as may be sold and transferred, the authority of the court ought not to be given to an act which would be of no substantial benefit to the creditor, and might be the cause of embarrassment and litigation to the executor.
My conclusions, after careful reflection on the subject, may be very briefly stated, and they lead to the result that no such order as is sought by the receiver, nor, indeed, any order upon the merits ought to be made in the present form of application to the court. If the creditors can derive any benefit from the provisions *676 of the will of the testator, above referred to, it must be by a proceeding to which the executor should be a party, and in which the benefit sought must be derived, not from a sale, but from an order in. the nature of a sequestration of such portion of the annual income of the fund in question as is not required for the suitable support and maintenance of the judgment debtor, taking into view his condition in life, his health, and other circumstances, and the condition of his family, if any he have, in relation to all which I find nothing in the papers before me.
Although the. will directs the whole estate to be converted into personalty, the interest of the cestui que trust is inalienable. Indeed, he takes no interest in the principal fund, except only the right to compel the execution of the trust, and the application of the income to his use. There is, therefore, nothing which can pass by assignment to. the receiver, or which can be sold by him, so long as there is no income in the hands of the executor unappropriated. (1 R. S. [773] § 2; ib. [729] § 63.)
That the inalienability of the defendant’s interest is the same as if the trust was of that estate Only, see the above § 2, and also Hallett v. Thompson, (5 Paige, 583); Kane v. Gott, (24 Wend. 641); Clute, et al. v. Bool, (8 Paige, 83); Degraw v. Clason, (11 Paige, 136,) and Rider v Mason, (4 Sandf. Ch. Rep. 352).
Although some doubt has been expressed in Arnold v. Gilbert, (5 Barb. S. Ct. Rep. 199,) and Cruger v. Cruger, (id. 267,) in regard to the extent to, which the second section of 1 R. S. p. 773, above referred to, has made the interest of the cestui que trust in personal estate held in trust inalienable, I think the views expressed in the cases above cited are sound so far, at least, that when construed in connection with the statute in relation to creditor’s bills, (2 R. S. p. 174, § 38,) which exempts property held in trust from discovery by creditor’s bills, the most favorable claim the creditors .can urge is, that the surplus beyond what is required for the maintenance of the debtor is alone liable.
The cases above referred to, however, satisfactorily show that such surplus is, under § 57, (1 Rev. Stat., p. 729,) liable to be reached in equity, and applied to the satisfaction of the debts of the cestui que trust trust.
The provision in the will directing the unappropriated income to be divided in, and among his issue, does not alter the' case. *677 There is no discretion given to the executors to withhold any part of the income; they are directed to apply it all to his use. He could compel them to do so. (See above cases.) In any other view, it would be a direction to accumulate beyond the period allowed by law, which would be invalid, and might perhaps invalidate the whole trust.
The terms of this direction would be fully satisfied, by supposing the intent to be, that if, at the time of his death, some uncollected or unapplied balance remained in their hands, which the cestui que trust had not yet received, that should be divided with the principal; but this would not affect his right to require the continued application of the whole as it accrues, according to the first and chief direction contained in the provision.
The case of Hallett v. Thompson, Clute v. Bool, and Degraw v. Clason, also show that § 38 of the Statute, in relation to creditors’ bills, forms no impediment to the reaching of this surplus by the creditors. See also Bryan v. Knickerbocker, (1 Barb. Ch. R. 427.)
But though of opinion that if there be a surplus in the'present case, beyond what is reasonably necessary for the support of the debtor, it is liable to be taken to pay his debts, it is not to be reached by this motion. A proper action should be brought in the nature of a creditor’s bill. If there was already an accumulation in the hands of the executors, it might doubtless be reached by an order in this proceeding, or by a proceeding under section 294; but it has been held that it cannot be anticipated. (Clute v. Bool, (& 1 Barb. Ch. 427.) But this does not import that,, on a proper bill, such surplus may not, by proper directions, be secured to the creditor. On the contrary, the court may order a reference to ascertain and fix the amount necessary for his support, and direct the executors to pay over the surplus fpr the satisfaction of the judgment. Such was the course pursued in Sillick v. Mason, before Vice-Chancellor Sanford. (See 2 Barb. Ch. 79.)
Whether the income of the fund now in question is now, or will be hereafter, such as to yield any surplus, it is impossible upon the facts now before me to say. If an action be commenced hereafter by the plaintiffs to reach any such surplus, all proper inquiries will be directed into the condition, circumstances, and wants of the defendant and his family, if any he have.
The present motion must be denied, but, under the circumstances, *678 without costs to the defendant. The conduct of the defendant on his examination, was of a character to deprive him personally of any claim to indulgence, certainly in respect to the matter of costs. But as to the executor who was called before the court by this petition, if it appeared that there was any fund in the hands of the receiver, he would be entitled to costs out of such fund; and had the papers disclosed that the creditor in fact made the present motion, it would be just that he should pay such costs. The receiver ought not to be required to pay costs personally, and therefore the motion will be denied, without costs.