## NEW-YORK SUPERIOR COURT.

### George C. & E. J. Genet agt. Mary E. Foster.

Where a person by his last will and testament bequeathed a certain sum to his executors, in trust to invest the same and apply the income thereof to the support of his daughter, M. E. F., during her natural life, and subsequently died, leaving such will in force and unrevoked, and the same was duly proved, and the executors named duly entered upon their duties as such; it was held, 1. That a judgment and execution creditor of the *cestui que trust*, who, in proceedings supplementary to execution, had procured a receiver of her property to be appointed, could not have the question determined in such proceedings, whether the whole income of the fund was necessary for her support, and whether any, and if any, how much of such income should, as a matter of equity, be applied and paid upon such judgment.

2. That question can only be determined by an action, in which the judgment-debtor and the trustees are parties.

3. A receiver of the property and effects of a judgment-debtor, appointed in proceedings supplementary to execution, is not, by the mere force of his appointment, vested with a title to the interest of such judgment-debtor as *cestui que trust* in the income of a fund, which by 1 *R. S.* 777, § 2, *and ibid.* 729, § 63, is inalienable by such *cestui que trust*, although prior to such appointment income may have accrued, and be in the hands of the trustees unappropriated, when such appointment is perfected; nor will his appointment, by its own force, vest in him the title to her interest in the income which may accrue subsequently thereto.

4. Where, after a receiver had been so appointed by a judge of the court of com·, mon pleas, the same person was, in like proceedings in an action in the superior court also appointed by a justice thereof a receiver of the property of the same judgment-debtor, and where, between the time of making said appointments, unappropriated income from such a fund had accrued, and been paid into the hands of such receiver by order of the judge by whom he was first appointed; it was also held, that a petition by the creditor by judgment in the superior court, that such unappropriated income be paid and applied on his judgment, by said receiver, was properly denied.

*Before* BOSWORTH, *Ch. J., and* HOFFMAN, WOODRUFF, PIERREPONT *and* MONCRIEFF, *Justices.*

*Heard April 21st.—Decided April 28th,* 1859.

THE plaintiffs appeal from an order made in this action, on the 12th of March, 1859, denying a motion made by them for an order, that Malcolm Campbell pay to them, upon a judgment which they have recovered in this court against said Mary E. Foster, $650, which said Campbell received as a receiver of the property and effects of said Mary E. Foster.

A. T. Stewart & Co., on the 3d of December, 1856, recovered a judgment in the New-York common pleas, against Mary E. Foster for $3,031. An execution on said judgment was duly issued and returned unsatisfied. Thereupon, on the 15th of April, 1857, an order was made by a judge of that court, in proceedings supplementary to execution, requiring her to appear and be examined concerning her property. On the 9th of June, 1857, an order was made by a judge of that court, appointing Malcolm Campbell, Esq., a receiver of all her property and effects.

On the proceedings had prior to the appointment of such receiver, it was shown that the father of said Mary E. Foster (then deceased), by his last will and testament, bequeathed $30,000 to his executors, in trust, to invest the same, and apply the income thereof to the support of said Mary E. Foster during her natural life, and that *A. L. Hoguet and A. G. Getty had been appointed trustees,* under the will, of said fund.

On the 9th of June, 1857, the judge, who appointed such receiver, also made an order that said trustees pay all subse-

quently accruing income from the said fund, and the income then accrued, over and above the annual sum of $800, to A. T. Stewart & Co., or their attorney, upon their said judgment.

On an appeal from that order, to the general term of the court of common pleas, that court, on the 5th of December, 1857, modified the order appealed from, and directed that any interest of, or income from the $30,000 which the trustees had received prior to the 9th of June, 1857, and not paid over by them to Mary E. Foster, be paid by them to said receiver, "to be applied by him on account of said plaintiffs' (A. T. Stewart & Co.'s.) judgment in this action."

It also restrained the trustees from paying, or Mary E. Foster from receiving, from subsequently accruing income, more than $800 per annum, to the prejudice or injury of A. T. Stewart & Co., until said receiver should commence an action (or until the further order of the court), "against the trustees and Mary E. Foster, to compel the application of said income and interest derived from the said trust-money, to the payment of the plaintiffs' judgment in this action." If the action was not brought in thirty days the injunction was to cease—except as to income accrued prior to the 7th of June, 1857, and not paid over—such an action was commenced, and the complaint on the hearing of it was dismissed.

Between the 9th of June, 1857, and the 5th of December, 1857, the fund of $30,000 produced an excess of $650, over the sum of $800 per annum. The $650 was paid pending said appeal, to the attorney of A. T. Stewart & Co., and after the aforesaid appeal was decided, he paid it back to the said receiver.

On the 18th of February, 1858, the Messrs. Genet recovered a judgment in this court, against Mary E. Foster, for $616.07. An execution was issued on that judgment and returned unsatisfied. Thereupon proceedings supplementary to execution were instituted in that action, before a judge of this court, who by order, dated the 25th of March, 1858, appointed said Malcolm Campbell a receiver of the property and effects of said Mary E. Foster, in the last said proceedings.

The Messrs. Genet allege that the $650, so received by Campbell, receiver, as aforesaid, accrued after the 15th of April, 1857, and prior to the institution of supplementary proceedings by them.

The petition of the Messrs. Genet, on which the motion was made, which resulted in the order of the 12th of March, 1859 (the order appealed from), was sworn to on the 10th of February, 1859.

Malcolm Campbell, in opposition to the motion, in his affidavit of the 18th of February, 1859, deposes that he has paid the $650 to the attorney of A. T. Stewart & Co., on his demand of the same. (It was paid to Campbell a day or two prior to the 10th of December, 1857.)

Mr. H. Hilton, the attorney of A. T. Stewart & Co., made affidavit that he received September 23d, 1857, as surplus of income accruing August 1st, 1857, $325. And, on the 4th of December, 1857, as surplus of income accruing November 1st, 1857, $325.

That, upon the decision of the general term of the common pleas (before referred to), he paid the $650 to said receiver " to be applied by him on account of such judgment, it being income then remaining unpaid to Mary E. Foster."

That the same has been so applied. On the 9th of February, 1859, said receiver paid to him, as attorney of A. T. Stewart & Co., $620, claiming the right to retain the other thirty dollars " for commissions, expenses, &c.," and on the 11th of February the said receiver also paid the $30 to said attorney.

(Mary E. Foster was married about the 25th of April, 1858, to Charles E. Whittlesey.)

The matter in controversy, irrespective of objections taken to the validity of the various proceedings, is simply this:

Malcolm Campbell, on the 9th of June, 1857, on proceedings supplementary to execution, instituted by A. T. Stewart & Co. against Mary E. Foster (on the 15th of April, 1857), was appointed receiver of the property and effects of said Mary E. Foster.

Said Campbell was also appointed a like receiver, on like

proceedings, at 'the suit of George C. & E. J. Genet, against said Mary E. Foster, on the 25th of March, 1858.

The first appointment was made by a judge of the New-York common pleas, and the second by a judge of the superi- or court. Campbell received, between the 1st of August and the 1st of December, 1857, $650, income from a fund be- queathed by the father of said M. E. Foster, to his executors, in trust, to apply the income to her support during life—$325 of such amount accrued August 1st, 1857, the other $325 ac- crued November 1st, 1857.

Was it competent for a judge out of court to determine, on the motion on which the order appealed from was made. whether A. T. Stewart & Co., or George C. & E. J. Genet were entitled to this $650, or to direct the receiver to pay it to the latter, upon their judgment against Mary E. Foster?

G. C. & E. J. GENET, *in person.*
A. R. LAWRENCE, *for Mary E. Foster.*

By the court—BOSWORTH, Ch. J. The interest of Mary E. Foster in the unaccrued income of the fund, held in trust by *Hoguet and Getty,* is inalienable by her. (*Clute* agt. *Bool,* 8 *Paige,* 83 ; 1 *R. S.* 773, § 2 ; *id.* 729, § 63.)

The appointment of a receiver upon a creditor's bill will not, *per se,* vest in the receiver a title to such income, though in- come may have accrued in the hands of the trustees prior to such appointment, and be in their hands when such appoint- ment is made. (*Degraw* agt. *Clason,* 11 *Paige,* 136; 2 *R. S.* 174, §§ 41, 42.)

It can only be determined by *action* whether all of such in- come is necessary for the support of the judgment-debtor (the *cestui que trust*), and whether so much as may be unnecessary for her support, shall be paid to her judgment-creditors. (*Sillick* agt. *Mason,* 2 *Barb. Ch. R.* 79.) Not only the debtor, but the trustees, must be parties to such action, that the judgment which shall be given may protect them in making payments of parts of the income to the judgment-creditor of the *cestui*

*que trust;* and that they, as the parties having the legal title to the property in question, and charged by law with the duty of applying the income of it to the support of the judgment-debtor, may be heard upon the question, whether an application of the whole is essential to a proper performance of their duty? (*Scott* agt. *Nevins*, 6 *Duer*, 672, *and cases cited above.*)

The receiver appointed by the order of the 9th of June, 1857, was not, by virtue of his appointment, vested with the title to any income that might accrue subsequent to that date. The $650 which he subsequently received, and which forms the subject of the present controversy, accrued after the appointment of the receiver made on the 9th of June, 1857.

As we construe the order of the 9th of June, 1857, and the order modifying it, made on the 5th of December, 1857, A. T. Stewart & Co. were required to proceed by an action (to be commenced within thirty days), to the end that it might be determined in such action whether they, as judgment-creditors of Mary E. Foster, should be permitted to receive, upon their judgment, the excess of the income over and above $800 per annum, that might accrue after the 9th of June, 1857, or any, and if any, what part of the income of the said fund?

It appears that such an action was brought, and that the complaint upon the hearing of the action was dismissed. The order of the 5th of December, 1857, contains no direction what shall be done with the excess of income over $800 per annum, which may have been paid to the receiver between the 9th of June, 1857, and the dismissal of such complaint, unless the construction be claimed, that it directs such excess of income, in the hands of the receiver at the time of its date, to be paid to A. T. Stewart & Co.

In that condition of things, Campbell was appointed a receiver in the action in this court, on the 25th of March, 1858. The motion of the Messrs. Genet, that the receiver should pay the $650 alleged to be in his hands, and received by him, as has been stated, was properly denied, because,

1. The judge of this court, before whom the supplementary proceedings were pending, had not determined, even if he had the power to pass upon the question, that the whole income was not necessary to the debtor's support.

2. The receiver was not a debtor to Mary E. Foster, in respect to the $650 in his hands; nor was the money in his hands her property. The legal title to it, except so far as such title may have been modified or affected by the orders of June 9th and December 2d, 1857, was in the trustees; and the duty of applying it to her support was confided to them by law, and would continue, until by the judgment of some competent tribunal it had been taken from them as unnecessary to her support, and had, by such judgment, been specially appropriated. It is only "property of the judgment-debtor" which, by section 297, a judge can order to be applied towards the satisfaction of the judgment.

We do not intend to deny if income had accrued and was in the hands of trustees, which they *conceded* to be unnecessary for her proper support, that so much of such accrued income as they conceded to be unnecessary for that purpose might not be applied by an order of a judge, made in the supplementary proceedings. But this appeal does not present any such question, and we are not, therefore, called upon to express any opinion in relation to it.

3. Whatever may have been the interest of Mary E. Foster in the $650 in question, it appeared, upon the motion on which the order appealed from was made, that the receiver, as such, claimed an interest in the money adverse to Mary E. Foster, and made such claim by virtue of his appointment of the 9th of June, 1857; and the orders of the 9th of June and the 2d of December, 1857, denied that he was her debtor in respect thereof, and also claimed that, by virtue of the order of the 9th of June, 1857, under which he received it, and the order of the 2d of December, 1857, it was his duty to pay it to A. T. Stewart & Co.; that they claimed to be entitled to it by force of such orders, and that under such claim he had paid it to their attorney. Under such circumstances, the motion

Genet agt. Foster.

should have been denied. Section 299 of the Code does not authorize a judge to direct, by order, that money held by a third person, and in respect to which such adverse claims are made, shall be paid over by such third person to a judgment-creditor, who is seeking to reach it.

4. The money in question did not come to the hands of Campbell by virtue of his receivership, derived from his appointment by a judge of this court. When appointed receiver by a judge of this court, he held the money as a receiver appointed by a judge of the court of common pleas, and had received it by virtue of the orders of June 9th and December 2d, 1857. His appointment by a judge of this court, as receiver of all the property and effects of Mary E. Foster, would not, by its own force, have vested in him any title to the moneys, had they then been in the hands of the trustees. (*De Graw* agt. *Clason*, 11 *Paige*, 136.) It is difficult to see how the fact, that, by order of a judge of the court of common pleas, such moneys had been paid by the trustees into the hands of the receiver, to abide the result of a suit to be brought to determine whether they should be applied otherwise than as the trust requires, and which suit was pending when they were paid to him, can give the receiver, as a receiver appointed by a judge of this court, any title to or power over them, which such appointment would not have conferred, had the moneys at the time it was made been in the hands of the trustees un appropriated.

It is not the duty or province of the court to undertake to advise the remedy to be pursued, to determine whether the Messrs. Genet, as between themselves and Mary E. Foster, or as between themselves and A. T. Stewart & Co., are equitably entitled to the money in question, or whether it may be recovered of Mr. Campbell in an action brought for that purpose by her present trustees.

Entertaining these views we have expressed, we have not deemed it necessary to consider the objections taken to the validity of the proceedings, on the part of the present plaintiffs, supplementary to execution, nor to the order appealed from

as being an order made at special term, and not by a judge of the court, out of court.

We think the order appealed from is not erroneous, and it is, therefore, affirmed, with $10 costs.