By the Court,
Garvin, J.
The complaint sets forth, that on the 9th of October, 1858, the plaintiff was appointed receiver, by this court, of the property and effects of William H. Bonnett and others ; and on the 3d of June, 1853, was also appointed receiver by the Supreme Court, of the said William H. Bonnett and other defendants. That by the last will and testament of Peter Bonnett, the interest of fifteen thousand dollars was bequeathed to William H. Bonnett, to be paid to him by the executrix and executors, during his life. That said will was proved, and the defendants qualified, and have continued to act as such executrix and executors, since the 22d of October, 1850. That the said will directed the said sum of $15,000 to be kept invested on bond and mortgage, and the interest paid to said William Bonnett. That the plaintiff, by virtue of his appointment as receiver, is entitled to all the interest on said sum since the date of his appointment, and that the defendants have collected such interest, and neglected to pay it to the plaintiff. He therefore demands that they render an account and pay him said interest.
It is not averred in the complaint, that the defendants, at the time of the appointment of the plaintiff as receiver, bad any money, property, or effects in their hands, belonging to the defendant William H. Bonnett. This seems to be decisive 'of this case. The order appointing the plaintiff receiver,'would not vest in him the title to any part of the income of the trust fund, to accrue after the date of his appointment. (6 Duer, 672. 18 How. 50.) Ho other fund, property, or effects, are *56 mentioned in the complaint. This is inalienable by Bonnett, and does not pass to a receiver by operation of law. (2 Comst. 297. 2 Seld. 567. 8 Paige, 83.) Even if a surplus had been in the hands of the trustees, at the time of the plaintiff’s appointment, it is very doubtful whether the plaintiff would have acquired any title to it; but there is no allegation in the complaint of the existence of any such surplus in the hands of the defendants. No facts are stated in the complaint, upon which an issue can be taken, or proceedings predicated to ascertain whether any surplus remains beyond what is necessary to support the debtor. If there is any accumulation in the hands of the executrix and executors, that under a proper complaint might be reached; but it is quite clear, and has been decided, that it cannot be anticipated. (1 Barb. Ch. 427.) The defendant William H. Bonnett, is and will be entitled to all this income, provided it is necessary for the support of himself and his family, if he has any. The plaintiff, doubtless, can reach any surplus there may be, after his necessary support, and that of his family, has been ascertained and fixed. (2 Barb. Ch. 79.) The complaint in this action is clearly defective. The order should be affirmed with costs, with, liberty to the plaintiff to amend on the usual terms.