GEORGE A. BERGMANN, Respondent, *v.* FRANKLIN B. LORD
et al., as Substituted Trustees under the Will of GEORGE
C. WARD, Deceased, Defendants, and FRANCES L. B.
LEAVITT, Individually and as Executrix of SAMUEL G.
WARD, JR., Deceased, et al., Appellants.

**Creditor's action to reach vested fund — Code Civ. Pro. §§ 1871–
1879 — jurisdiction over foreign executors.**

A fund was given to a trustee for the benefit of testator's wife. The
will further provided : " Upon and after her (the wife's) death I give
and bequeath the capital of such fund unto such of my children as may
survive me." *Held,* that the remainder vested absolutely in the children,
and such remainder could be transferred both at law and in equity.

Where one has a vested interest in a fund held in trust for another, and
the beneficiary can transfer the same by assignment or otherwise, it can
be reached by his creditors. The Code of Civil Procedure (§ 1879) does
not prohibit the maintenance of a creditor's action to reach a vested
remainder in a fund held in trust, to receive the income and apply it to
the use of a person other than the judgment debtor.

The Statute of Limitations does not run against a cause of action in the
nature of a creditor's bill under section 1871 of the Code of Civil Proced-
ure until ten years after execution against the property of the judgment
debtor has been returned unsatisfied.

As a rule an action will not lie against a foreign executor, but the courts
of this state are not wholly without power to protect a resident cred-
itor under special circumstances. In an action in equity where it is nec-
essary to prevent the failure of justice, jurisdiction will be assumed at
least so far as the relief to be secured relates to property within the
jurisdiction of the court.

The form and detail of the judgment in such case is in the discretion of
the court at Special Term.

*Bergmann* v. *Lord,* 122 App. Div. 921, affirmed.

(Submitted December 16, 1908; decided January 5, 1909.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered
December 24, 1907, affirming a judgment in favor of plaintiff
entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Merle I. St. John* for appellants.  The complaint does not show a cause of action.  The court has no jurisdiction and the plaintiff is not entitled to the relief prayed for.  (Fowler's Personal Property Law, 32 ; *Matter of Carpenter*, 131 N. Y. 86 ; *Cochrane* v. *Schell*, 140 N. Y. 516 ; *Schenck* v. *Barnes*, 156 N. Y. 316 ; *Rhodes* v. *Caswell*, 41 App. Div. 229 ; *Lockman* v. *Reilly*, 95 N. Y. 64.)  This action is barred by the ten years' Statute of Limitations.  (*I. & T. Bank* v. *Quackenbush*, 143 N. Y. 567.)  The court has not jurisdiction of the defendant Frances L. B. Leavitt as executrix, and there is no one before the court representing the estate of the judgment debtor.  (*Hopper* v. *Hopper*, 125 N. Y. 400 ; *Lyon* v. *Park*, 111 N. Y. 350 ; 13 Am. & Eng. Ency. of Law, 957; *Hundrow* v. *Hammond*, 13 App. Div. 323 ; *Lawrence* v. *Nelson*, 143 U. S. 216 ; *F. Nat. Bank* v. *Shuler*, 153 N. Y. 163.)

*John M. Harrington* for respondent.  The interest of the judgment debtor in the $50,000 fund was a legal vested remainder and not " property held in trust for " the " judgment debtor " within the meaning of section 1879 of the Code of Civil Procedure and is an asset that may be reached in this action ; the courts below had jurisdiction to grant the relief awarded to plaintiff, and the complaint states facts sufficient to constitute a cause of action.  (*Burrill* v. *Sheil*, 2 Barb. 457; *Smith* v. *Edwards*, 88 N. Y. 92 ; *Zartman* v. *Ditmars*, 37 App. Div. 173 ; *Stringer* v. *Young*, 191 N. Y. 157 ; *Lawrence* v. *Bayard*, 7 Paige, 70 ; *Ham* v. *Van Orden*, 84 N. Y. 257 ; *Hallett* v. *Thompson*, 5 Paige, 583 ; *Degraw* v. *Clason*, 11 Paige, 136 ; *Williams* v. *Thorn*, 70 N. Y. 270 ; *Wetmore* v. *Truslow*, 51 N. Y. 338.)  The cause of action is not barred by the Statute of Limitations.  (Code Civ. Pro. §§ 380, 415 ; *Crapo* v. *City of Syracuse*, 183 N. Y. 395 ; *Weaver* v. *Haviland*, 142 N. Y. 534 ; *Eyre* v. *Beebe*, 28 How. Pr. 333 ; *Gates* v. *Andrews*, 37 N. Y. 657 ; *Fawcett* v. *City of New York*, 12 App. Div. 155 ; *Matter of Holmes*, 131 N. Y. 80 ; *Van Loan* v. *City of New York*, 105 App. Div. 572 ; *Paige* v.

*Willet,* 38 N. Y. 28; *Fleischmann* v. *Stern,* 90 N. Y. 110; *Dale* v. *Gilbert,* 128 N. Y. 625.) The property itself being within this state, the courts of this state will administer it to the extent necessary for the protection of a domestic judgment creditor, and the defendant Leavitt, as executrix of the judgment debtor, appointed by a court of another state, is in this particular action subject to the jurisdiction of the courts of this state and represents the estate of the deceased judgment debtor in this action. (*Montgomery* v. *Boyd,* 78 App. Div. 64; *Despard* v. *Churchill,* 53 N. Y. 192; *Harvey* v. *Richards,* 1 Mason, 381; *Nat. T. Bank* v. *Wetmore,* 124 N. Y. 241; *Gulick* v. *Gulick,* 33 Barb. 92; *Truesdell* v. *Bourke,* 29 App. Div. 95; *Stone* v. *Demarest,* 67 App. Div. 549; *Baldwin* v. *Rice,* 100 App. Div. 241; *Matter of Townsend,* 83 Hun, 200; *Slatter* v. *Carroll,* 2 Sandf. Ch. 573.)

Chase, J. This is a judgment creditor's action. Article I, title 4, chapter 15 of the Code of Civil Procedure, relating to a judgment creditor's action, provides : " When an execution against the property of a judgment debtor, issued out of a court of record, * * * has been returned wholly or partly unsatisfied, the judgment creditor may maintain an action against the judgment debtor, and any other person, to compel the discovery of any thing in action, or other property belonging to the judgment debtor, and of any money, thing in action, or other property due to him, or held in trust for him ; to prevent the transfer thereof, or the payment or delivery thereof, to him, or to any other person; and to procure satisfaction of the plaintiff's demand * * *." (Sec. 1871.) " This article does not apply to a case * * *. Nor does it authorize the discovery or seizure of, or other interference with, * * * any money, thing in action, or other property, held in trust for a judgment debtor, where the trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor * * *." (Sec. 1879).

Among the facts found by the trial court are that George Cabot Ward died a resident of the state of New York May 4,

1887, leaving a will which was duly admitted to probate, in which, among other things, he provided : " Out of my own individual estate, real or personal, exclusive of that held in trust for me as aforesaid, I give and bequeath to the said George De Forest Lord and Daniel Lord as trustees the sum of Fifty Thousand Dollars, or so much thereof as my said estate shall suffice to pay, in trust to invest and reinvest the same as hereinafter authorized and to collect and apply the net rents, issues and income thereof to the use of my wife (if she shall survive me) for and during her natural life and upon and after her death I give and bequeath the capital of said fund unto such of my children as shall survive me and to the issue of any who shall die before me, leaving issue me surviving." That said George Cabot Ward left him surviving a widow who is still living and two children, the defendant Marian Low and Samuel G. Ward, Jr. The trustees named in the will duly qualified and entered upon the discharge of their duties as such trustees, but both have since died and the defendants Lord and Van Duzer were duly substituted as trustees under said will. The trustees named in said will had set apart to them certain securities of the value of fifty thousand dollars and there is now in the hands of said Van Duzer, the surviving substituted trustee, the principal fund of fifty thousand dollars together with certain accretions, amounting in the aggregate at the time of the judgment herein to $83,359.03. On the 27th day of October, 1894, the plaintiff duly recovered in this state a judgment against said Samuel G. Ward, Jr., for $4,355.06, which judgment was duly entered and docketed in the office of the clerk of the city and county of New York on that day. On the same day execution was issued thereon as provided by section 1872 of the Code of Civil Procedure, which was on the 3d day of December, 1894, returned wholly unsatisfied. On the 16th day of November, 1900, said Samuel G. Ward, Jr., died a resident of the state of New Jersey, leaving a will which was duly admitted to probate in the Orphan's Court of Essex county in said state, and in and by said will he gave to his wife, Frances L. B. Ward, now Frances L. B.

Leavitt, all of his property, real and personal, and she was named therein as an executrix and has since duly qualified as the sole executrix under said will. All of the defendants are residents of the state of New York and said principal fund is held by said substituted trustee in this state. The plaintiff is the only judgment creditor of the said Samuel G. Ward, Jr., and the *only creditor residing in* this state. The defendant Leavitt moved from New Jersey to the state of New York soon after the death of her late husband. Before the commencement of this action the plaintiff demanded of her that she make application for and have issued by a Surrogate's Court of this state ancillary letters testamentary on the will of her late husband, but she has failed, neglected and refused to have such ancillary letters issued. This action was commenced November 21, 1904, and the plaintiff seeks to have the interest of said Ward in the fund so held in trust for the benefit of the mother of said Ward sold to satisfy his said judgment. The appellant insists that the plaintiff cannot maintain this action: (1) Because of the provisions of said section 1879 of the Code of Civil Procedure, and (2) because the action was not commenced within ten years after the docketing of said judgment.

The gift to the children of the testator, George Cabot Ward, who survived him, vested immediately on his death, subject to the same being held in trust for the use of his wife during her natural life. The language of the will, viz., " Upon and after her (the wife's) death I give and bequeath the capital of said fund unto such of my children as may survive me," so far as it relates to the time when the legacy is to be received in possession by the surviving children, is not of the substance of the gift, and does not prevent the remainder vesting absolutely and immediately. (*Smith* v. *Edwards*, 88 N. Y. 92; *Stringer* v. *Young*, 191 N. Y. 157.) The interest of Samuel G. Ward, Jr., in the fund so held in trust for his mother, was and is at all times transferable by assignment or otherwise. (*Stringer* v. *Young, supra.*)

It is provided by the Personal Property Law, sec. 3 (Chap-

ter 417, Laws of 1897, as amended by chapter 87, Laws of
1903), that "The right of the beneficiary to enforce the per-
formance of a trust to receive the income of personal property,
and to apply it to the use of any person, cannot be transferred
by assignment or otherwise. But the right and interest of the
beneficiary of any other trust in personal property may be
transferred."

The widow of George Cabot Ward is the beneficiary of the
trust to receive the income thereof, and she cannot transfer
her interest therein by assignment or otherwise, but such pro-
hibition does not extend to the persons vested with the fund
subject to the performance of the trust to receive the income
and apply it to the use of the widow.

The remainder so vested in the children of George Cabot
Ward is like an expectant reversionary estate or remainder in
real property, which is by express provision of statute descend-
ible, devisable and alienable in the same manner as an estate
in possession. (Real Property Law, section 49.) It was said
in substance by the chancellor in *Lawrence* v. *Bayard* (7
Paige, 70) that nobody ever doubted that a remainder which
was vested in interest could be transferred both at law and in
equity. (*Ham* v. *Van Orden*, 84 N. Y. 257.)

Where a person has a vested interest in a fund held in
trust for another, and he can transfer the same by assignment
or otherwise, it can be reached by his creditors. The only
property held in trust for a debtor which cannot be reached
by a creditor's bill against it is that which is held in trust to
receive the rents, profits and income thereof, and to apply
such rents or income to the support of the *cestui que trust;*
that is, an interest in trust property which the *cestui que trust*
has no power to alienate by any sale or assignment executed
by him. (*Degraw* v. *Clason,* 11 Paige, 136.) The court
in the *Degraw* case say: "Neither law nor sound policy will
allow an absolute or unconditional right to property to be
vested in a person, which he may use and dispose of as he '
pleases, by anticipation or otherwise, but in relation to which
property he may set his creditors at defiance." (*Palmer* v.

*Hallock,* 94 App. Div. 485; *Hallett* v. *Thompson,* 5 Paige, 583.)

Section 1879 of the Code of Civil Procedure, from which we have quoted, was not intended to prevent an action under said article to reach a vested remainder interest in a trust fund but to prevent the interest of a person for whose benefit the property is held in trust to be so taken. (*Graff* v. *Bonnett,* 31 N. Y. 9; *Tolles* v. *Wood,* 16 Abb. N. C. 1, note 20.) Unless the intention of the legislature is shown by clear and certain language, it would be a strange conclusion if we should decide that the legislature intended to withhold from a judgment creditor property vested in such debtor simply because the legal title to the fund in trust is in a trustee for the benefit of some other person for life, and the time when the debtor can obtain the remainder in possession is postponed. The appellant urges that the legal title to the principal fund vests in the trustee, and that the persons entitled to the fund subject to the trust cannot obtain the same except by an action for an accounting after the death of the person for whose benefit it is held. The legal title to the trust fund is of little importance in determining this controversy. There is a distinction between the legal title to the securities in which the trust fund is invested and the legal title to a vested interest in the remainder. The trustee may have the legal title to the securities in which the trust fund is invested while at the same time the defendant Leavitt individually and as executrix has the legal and equitable title to one-half of the vested remainder. The Code of Civil Procedure does not prohibit the maintenance of a creditor's action to reach a vested remainder in a fund held in trust to receive the income and apply it to the use of a person other than the debtor.

The time for the commencement of a judgment creditor's action not being specially prescribed in titles 1 and 2 of chapter 4 of the Code of Civil Procedure, it is included in the general limitation contained in section 388 of the Code as follows: "An action, the limitation of which is not specially prescribed in this or the last title, must be commenced within ten

years after the cause of action accrues." The cause of action accrues by the express terms of said section 1871 when "An execution against the property of a judgment debtor, issued out of a court of record  *   *   *  has been returned wholly or partly unsatisfied." (See, also, section 415.) At the time the action was commenced it was not barred by the Statute of Limitations. (*Crapo* v. *City of Syracuse*, 183 N. Y. 395.) The respondent also contends that the running of the time in which he could have brought the action was suspended for at least some period by reason of the absence of Samuel G. Ward, Jr., from the state and also by reason of his death.

In addition to the facts already stated herein it was found by the trial court that the defendant Leavitt claims that she is the absolute owner of all property left by the judgment debtor including one-half of the remainder in said $50,000 legacy and of all accretions thereon, and that after qualifying as executrix in the state of New Jersey she removed to this state and remained continuously without the jurisdiction of the courts of that state and that she has not rendered an account as executrix.

It is a general rule that an action will not lie against a foreign executor, but there are exceptions to the rule. (*Slatter* v. *Carroll*, 2 Sand. Ch. 630; *Lyon* v. *Park*, 111 N. Y. 350; *Montgomery* v. *Boyd*, 78 App. Div. 64.)

In actions in equity where it is necessary to prevent a failure of justice, jurisdiction will be assumed at least so far as the relief to be secured relates to property in the jurisdiction of the court. In this case all of the defendants are out of the jurisdiction of the courts of New Jersey.

The plaintiff is the only judgment creditor of the deceased debtor. So far as appears there are no other creditors, but even if there are creditors, plaintiff's judgment is entitled under our statute (Code Civil Procedure, sec. 2719) to a preference in payment over general creditors. The original trustees appointed by the will of George Cabot Ward are dead, and the fund held in trust is in the control of our Supreme Court. The defendant Leavitt individually is the

sole equitable owner of the interest therein which was vested
in her late husband.

The plaintiff exhausted his legal remedy and his judg-
ment remained wholly unpaid and unsecured.   He brought
this action nearly ten years after the execution on his judg-
ment had been returned wholly unsatisfied.   Even now the
appellants insist that the plaintiff has lost his right to obtain
satisfaction of his judgment from said vested remainder by
reason of his delay in bringing the action.   The court has
jurisdiction of the subject-matter and of the person of all the
defendants.   The interest of the defendant Leavitt as execu-
trix is apparently nominal.   The circumstances are excep-
tional and justified the court at Special Term in assuming
jurisdiction of the action for the benefit of the plaintiff, a
domestic creditor, and in directing the satisfaction of the sum
due the plaintiff out of the property of the deceased judg-
ment debtor in this state.   The courts of this state are not
wholly without power to protect a resident creditor under
such circumstances.

It also appears by the findings of the trial court that an
agreement was entered into by and between the trustees, the
defendant Low, and the judgment debtor in his lifetime,
by which particular investments were set apart for the trust
fund, and by reason of such investments and the subsequent
reinvesting thereof the amount held in trust as the principal
fund has largely increased.   No personal claim is made in
this action against the defendant Low, and her presence as a
defendant will settle possible questions relating to the rights
of the individual owners of the undivided vested remainder
and aid the sale of the interest of the deceased judgment
debtor.

Section 1873 of the Code provides " The final judgment
in the action must direct and provide for the satisfaction
of the sum due to the plaintiff, out of any money, thing in
action, or other personal property, belonging to, or due to the
judgment debtor, or held in trust for him, which is discovered
in the action ; whether the same might or might not have been

originally taken by virtue of an execution." The form and detail of the judgment directing and providing for the satisfaction of the plaintiff's judgment was in the discretion of the court at Special Term.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN, WERNER and HISCOCK, JJ., concur.

Judgment affirmed.