(75 Misc. Rep. 13.)

### VOSE v. CONKLING et al.

(Supreme Court, Special Term, New York County. December, 1911.)

1. SUBROGATION (§ 23*)—PROCEEDINGS TO ENFORCE—JURISDICTION OF EQUITY.

Testatrix died in 1893, leaving real estate and leaseholds, one of which she had mortgaged for $2,500. Her husband, who was made her executor and trustee, died in 1895 without having settled the estate. Her daughter became administratrix with the will annexed and died in 1909 without settling the estate. In 1910, defendant was appointed administrator with the will annexed, but has taken no steps to settle the estate. In 1902, the defendant administrator borrowed from plaintiff and her sister, since deceased, moneys which were applied to payment of the mortgage and paying taxes and the expenses of the new loan. Plaintiff and her sister accepted as security mortgages on the leaseholds. On foreclosure of the mortgages, plaintiff collected less than $300 and entered deficiency judgments against the defendant administrator. *Held*, that the plaintiff, having exhausted her legal remedy, was entitled to follow the real estate in an action for subrogation, and the fact that the defendant had failed to settle the estate and to have a substituted trustee appointed could not defeat or delay plaintiff's claim.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. §§ 60–66; Dec. Dig. § 23.*]

2. SUBROGATION (§ 23*)—GROUNDS—PERSONS MAKING ADVANCES.

One who, at the request of another, advances money to redeem or pay off a security in which the latter is interested, is entitled to subrogation to the security.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. §§ 60–66; Dec. Dig. § 23.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Flora L. Vose against Joseph C. Conkling, individually and as administrator, and others. Heard on demurrer to complaint. Demurrer overruled.

Stuart G. Gibboney, for plaintiff.
Alfred H. Cumbers, for defendants.

GUY, J. [1] Defendants demur to the complaint herein. The action is for subrogation. The complaint alleges that the decedent, Ann M. Miller, died in 1893 seised in fee of certain real estate as well as of two leaseholds; that during her lifetime she mortgaged one leasehold to secure the payment of the sum of $2,500; that by her will her husband, John Miller, was appointed her executor and trustee; that he died in 1895 without having settled the estate; that thereupon Mrs. Miller's daughter, Maria L. Conkling, became her administratrix with the will annexed and died in 1909, also without settling the estate; whereupon on June 24, 1910, letters of administration with the will annexed were issued to the defendant Joseph C. Conkling, who also has taken no steps to settle the estate. In 1902 the mortgagee pressed the estate for payment of the $2,500 mortgage, whereupon the then surviving administratrix with the will annexed applied to and obtained from the plaintiff and her deceased sister a loan of $3,000, which was necessarily applied to the taking up of the called mortgage, also to the payment of taxes and expenses of closing the new loan; that the decedent's administratrix with the will annexed offered to the plaintiff and her sister two $1,500 mortgages on the leaseholds; that plaintiff and her sister, being advised by counsel that said mortgages were good security, accepted them, and thereupon agreed to and did loan the $3,000 to the administratrix with the will annexed for the benefit of the estate. Thereafter plaintiff, becoming the sole holder of the two $1,500 mortgages, foreclosed both, collecting only $271.51 thereon, and on July 13, 1911, entered deficiency judgments for the balance against the defendant Joseph Conkling, as the decedent's administrator, with the will annexed. Decedent left no personal property, and plaintiff claims the right to follow her real estate in equity, which real estate is claimed by the defendants as the decedent's heirs. The court cannot assume upon demurrer that the allegations of the complaint are untrue, or that plaintiff has changed her mind, is merely a volunteer, or is endeavoring to avoid the results of an unsuccessful speculation. The plaintiff's legal remedy is exhausted.

[2] One who, at the request of another, advances money to redeem or pay off a security in which the latter is interested, is entitled to be subrogated to the security. Gans v. Thieme, 93 N. Y. 225, 232; Morehouse v. Brooklyn Heights R. R. Co., 185 N. Y. 521, 524, 78 N. E. 179; Pease v. Egan, 131 N. Y. 262, 272, 273, 30 N. E. 102; Arnold v. Green, 116 N. Y. 566, 571, 23 N. E. 1. She may follow the property, and the fact that the defendants have failed to settle the decedent's estate, also to have a substituted trustee appointed, should not defeat or delay her claim. Bergmann v. Lord, 194 N. Y. 70, 77, 86 N. E. 828. The presumption is that the county clerk did his duty

and docketed the deficiency judgments (Manhattan Co. v. Laimbeer, 108 N. Y. 578, 581, 15 N. E. 712); if not, the plaintiff's equities to a subrogation were not affected.

Demurrer overruled, with costs, with leave to answer within three days upon payment of costs.

Demurrer overruled.