JOHN J. CALLANAN, Respondent, v. EMILY M. KEENAN, as Executrix, etc., of DANIEL F. KEENAN, Deceased, Appellant.

(Supreme Court, Third Department, July 8, 1913.)

EXECUTOR AND ADMINISTRATOR—SUIT IN THIS STATE AGAINST FOREIGN EXECUTRIX FOR FORECLOSURE OF CHATTEL MORTGAGE

The reason for the rule that foreign executors cannot sue or be sued in our courts has no application to a suit in equity, where the representative is brought in for the protection of the equities of the estate.

Hence, a resident of this State may maintain a suit against an executrix appointed in Pennsylvania for the foreclosure of a chattel mortgage executed by her testator upon chattels located in this State, so as to enable the plaintiff to secure the payment of an acknowledged indebtedness.

APPEAL by the defendant, Emily M. Keenan, as executrix, etc., from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Washington on the 6th day of February, 1913, overruling the defendant's demurrer to the complaint.

Charles Irving Oliver, for the appellant.

Charles S. Motisher, for the respondent.

WOODWARD, J.—The complaint alleges that on or about the

30th day of July, 1908, one Daniel F. Keenan, now deceased, formerly of Philadelphia, State of Pennsylvania, the owner of chattels therein described, made, executed and delivered to the plaintiff, John J. Callanan, an instrument in writing of which a copy is thereto annexed, marked Exhibit "A" (and which is a chattel mortgage upon the stone-crushing plant located at Whitehall, Washington county); that said mortgage was duly filed in the town clerk's office of the town of Whitehall on the 1st day of August, 1908, where said chattels were situated at the time of such execution; that the said Daniel F. Keenan and the said Emily M. Keenan, as executrix of the estate of said Daniel F. Keenan, deceased, have failed to comply with the conditions of the said mortgage, etc., although the same has been duly demanded; that thereafter and before this action was commenced the said Daniel F. Keenan died, leaving a will appointing the defendant Emily M. Keenan his executrix, and that on the 9th day of January, 1911, said will was duly proved and admitted to probate in the office of the register of wills for the city and county of Philadelphia, and letters testamentary thereupon were thereafter duly issued and granted to this defendant as sole executrix by the register of wills of said city and county of Philadelphia, and this defendant thereupon duly qualified as such executrix and entered upon the discharge of the duties of her office. The complaint then demands judgment foreclosing the mortgage and paying the amount of the plaintiff's claim.

The defendant has demurred to this complaint upon the grounds (1) that the court has not jurisdiction of the person of the defendant; (2) that the court has not jurisdiction of the subject of the action; (3) that the complaint does not state facts sufficient to constitute a cause of action; (4) that there is a defect of parties defendant in that the heirs at law, next of kin and personal representatives of Daniel

F. Keenan, deceased, are not made parties defendant herein.
The demurrer has been overruled and the defendant appeals to
this court, urging that the court has no jurisdiction of the
defendant or of this action, as the defendant is a foreign
executrix appointed by and acting under the laws of the State
of Pennsylvania, and the defendant as such executrix has not
waived her objection to the jurisdiction by appearing specially
and demurring on the ground of lack of jurisdiction. There is
no doubt that it is the general rule that an action will not lie
against a foreign executor in his representative capacity, but
there are exceptions to the rule. In actions in equity where it
is necessary to prevent a failure of justice jurisdiction will be
assumed at least so far as the relief to be secured relates to
property in the jurisdiction of the court. (Bergmann v. Lord,
194 N. Y. 70, 77, and authorities there cited.) Here the con-
tract was made, executed and delivered in the State of New
York, and the mortgage covered personal property constitut-
ing a stone-crushing plant located in the town of Whitehall,
where, we may assume, the property is still located. There can
be no question, therefore, that the court has jurisdiction of the
subject-matter of the action, and there can be no question that
if Daniel F. Keenan were still alive service of the summons
and complaint upon him in the manner prescribed by law would
give the court jurisdiction in an action to foreclose the chattel
mortgage, and no good reason suggests itself why a like jurisdic-
tion does not exist as against the executrix appointed under
the will of Daniel F. Keenan. She takes the estate in her
representative capacity; she gets title in that capacity to all
of the personal property of her testator, but she gets only that
title which the testator had and that was subject to the lien
of this mortgage. That instrument was made upon the " ex-
press condition that if the said Daniel F. Keenan, his executors,
administrators or assigns shall pay to the said John J. Cal-

lanan, his executors, administrators or assigns the sum of Thirty thousand dollars," the same should be void and of no effect, and the executrix can have no better title to the property conveyed by this chattel mortgage than her testator had, and she has no right, upon a mere technical plea, to defeat the lien of the plaintiff. The defendant is brought in, not for the purpose of asserting an action at law, but to preserve the equities of the estate, and to enable the plaintiff to secure the payment of an acknowledged indebtedness, and the property, subject to the lien of the mortgage, being within the jurisdiction of the court, it would seem to devolve upon the court to assume jurisdiction of the action for the purpose of reaching substantial justice. The defendant cannot get the property without discharging the lien, and the parties having made and delivered a valid instrument relating to property within the State, and the plaintiff seeking merely his equitable rights in the property, no good reason suggests itself why the court should not proceed to the foreclosure of the mortgage. "It is a settled rule of law of this State," say the court in Montgomery v. Boyd (78 App. Div. 64, 72), "that a domestic creditor of a non-resident decedent will not be compelled to go to a foreign jurisdiction if there be property here which can be applied to the satisfaction of his claim," and where the testator has specially provided the property out of which a claim may be satisfied it would be strange indeed if our courts refused jurisdiction for the enforcement of the right merely because the duty which the testator contracted might be discharged by his executor has devolved upon one acting in a representative capacity. The reason of the rule that foreign executors cannot sue or be sued in our courts has no application to an equitable action where the representative is brought in for the protection of the equities of the estate, and when the reason of any law is at an end so is the law. (Broom Leg. Max [8th ed.] 129.)

The interlocutory judgment appealed from should be affirmed, with costs.

All concurred.

Interlocutory judgment affirmed, with costs, with usual leave to defendant to withdraw demurrer and answer on payment of costs in this court and at Special Term.