## Cole and Wife, *in equity, versus* Littlefield.

A testator gave to his wife certain property for her own separate use; also his homestead farm, for her natural life, "as a home for herself and their children," also the income of all his estates, to be paid to her, as she should require, for her support and the support and education of their minor children, with a further direction that if there should be a surplus of income for any year, after supplying the wants of his wife, it should be invested by his trustee as a fund, from which to make up the deficiency of income of any subsequent year, and the residue of the fund to be distributed among the children after coming of age; —

*Held,* that it is [for the wife to adjudge how much of the income is requisite for the support of herself and children, and that the trustee is bound to pay to her the whole income if she request it; —

*Held,* also, that she is to hold such income *in trust,* and that the guardian of the children may, by application to the equitable jurisdiction of the Court prevent any waste or misapplication by her.

On Exceptions from *Nisi Prius,* Wells, J., presiding.

Bill in Equity.

The female plaintiff was the wife of Eliab Littlefield, under whose will her claims, as presented in this bill, are alleged to have arisen. The testator, after giving to her "all his household furniture for her own use;" "also his homestead farm, to hold for her natural life, as a home for herself and their children," proceeds as follows: —

"Also after paying my just debts and other charges, the entire income of my whole estate, to be appropriated to the use of my beloved wife, for her own and our children's support, said children to receive a liberal English education, and to be supported in every way in a liberal but economical manner."

He then appointed this respondent to be the guardian of his children, and the trustee of his estate, "to pay over to his said wife said income from said estate as she requires, her receipt being his voucher." At the end of each year, should there be a surplus of funds, after supplying the wants of his wife, said surplus to be invested; and should, in any year, the income from his estate be insufficient to defray the expense of his family, the trustee is to draw on the surplus fund to make up the deficiency.

The testator then proceeded, " As each of my children arrives at the age of twenty-one years, should the surplus fund aforesaid accumulate, the trustee is to pay over to said child his equal proportion of what has accumulated of this fund; said child also to be entitled to his proportion of any accumulation which may take place after the receipt of his proportion. Should either of the children be removed by death, his or her proportion to be divided equally among the survivors. A division of this fund among the children shall be made annually after the youngest child becomes of age.

" The whole of my said property which is not hereby given absolutely to my wife, is to be held by said trustee in trust for my said wife and children until they shall be entitled to receive the same absolutely, under the terms of the will."

The testator then, after making to each of his children some large legacies and devises, proceeds as follows : —

" In case of the decease of either of said children before they come into possession, should they die without issue, his or her portion to be divided among the survivors. But should they have issue, said portion to go to his or her children.

" All the residue of my property, to be ascertained as near as possible, after paying my debts, I give and bequeath unto my beloved wife, to hold to her absolutely.

" It is my will that each child after he becomes of age, and receives his first dividend of the surplus fund, shall receive annually his portion of any accumulation which may take place after."

The bill charges that the respondent took upon himself the trust, collected the incomes of the estate, amounting to about one thousand dollars annually, and that he refuses and neglects to pay the same to the complainant for the use of herself and children, as she required, or such part thereof as is necessary for her and their reasonable, liberal and economical support and maintenance, as required by the will, and particularly that she demanded the same of him on January 1, 1850, which he refused to pay.

The answer of the respondent asserts *that* he had annually

settled his account as trustee with the Judge of Probate; — and *that* he had at different times paid over to the complainant divers sums; and he exhibits to the Court the amounts of the income of each year; how much of it he had paid to the complainant annually, and that the balance had been from time to time invested to constitute the fund required by the will; and he avers *that* he has exercised his best discretion in the management of the estate and in the discharge of the trust, consulting equally the interest of all concerned, as he understands it; — *that* the sums which he has paid over to the said Susan B. have been, in his opinion and belief, ample for the support of her and her said children and for defraying the expenses of giving said children an opportunity to receive a liberal English education and to support them every way in a liberal, but economical manner, especially in connection with the benefit derived from the homestead, given by the will as a home for her and her said children; — *that* he has paid all the taxes and made all the necessary repairs on the homestead; — *that* by the terms of the will he was led to suppose that the testator, who was his brother, intended to confide to him a discretion, to be exercised according to his judgment as trustee, and he still remains of that opinion, and is so advised; — and *that*, if the opinion of the Court should be otherwise, and their judgment is substituted for his, and should differ from his, after hearing such evidence in the case as he proposes to offer, he will most cheerfully comply with their orders and directions in the premises, and will feel relieved from a portion of the responsibility, which he now supposes to rest upon him.

It was then agreed that the case should be decided upon the bill and answer.

The Judge decreed that the respondent should pay to the complainant the income of the estate in his hands, as she requires. To this decree, the respondent excepted.

*N. D. Appleton*, for the complainant.

1. By the will, the entire income of the testator's whole

estate is expressly given to the complainant, his widow, as a *legacy*. *Learned* v. *Bridge*, 17 Pick. 339.

2. The will provides for the payment of the legacy by the trustee. He is *to pay to her the income as she requires, her receipt being his voucher*. This would be a valid and substantial bequest to the wife independently of the express bequest before given. The testator uses the language of *command*.

The provision in the will, which allows the trustee to invest any surplus, is not inconsistent with the former clauses, as it depends upon the *condition* of there being a surplus, and harmonizes perfectly with the intention before expressed.

An express and positive bequest cannot be taken away by implication or inference. 2 Jarman on Wills, 525–6.

3. The complainant has a right to the whole income, to be applied according to *her own* discretion. *Her* judgment is to be the rule.

4. The testator intended to confide to his wife's discretion the trust of supporting and educating their children.

If the trustee was to be the judge of the expenditures necessary for her and the family, he must exercise a *reasonable* discretion, not an *arbitrary* or *capricious* one. To enable him to exercise such a discretion properly, she must keep an account of her expenditures, and make an exhibit to him. This the will no where contemplates.

If the testator had intended to give a discretion in this matter to the trustee, he would have expressed it. On the contrary he is to pay over as she *requires*. The word requires is here to be understood in its usual and ordinary sense, which is to *demand, to ask of right*, and by authority, and not to ask as *favor*, nor to *request*. In this last sense, it is said by Dr. Webster to be rarely used.

If she should fail to support and educate the children, and thereby to fulfill the trust, the Court might then interfere and compel the execution of that trust.

*D. Goodenow*, for the respondent.

The income is not bequeathed to the wife, as is the household furniture and the residuum. It is appropriated as a fund

to draw from ; — 1. To support the wife. 2. The children. 3. To educate the children. 4. Surplus to the children, as each shall arrive at the age of 21, and is to be held by the trustee, in trust for said wife and children.

The trustee is responsible for a *faithful* execution of the trust, according to the will, and obliged to *pay over* at the expiration of the trust to *those* entitled to receive, and *all* that they are entitled to receive. R. S. c. 110, 111, Testamentary Trustees.

What is the meaning of the words " as she requires ?"

We say " *as she needs*" for the objects specified.

In the case of testamentary trusts, the action of the Court is to be " subject to any provisions contained in the will ;" and it is forbidden to " restrain the exercise of any powers, given by the terms of the will." *Morton* v. *Southgate*, 28 Maine, 41.

*A fortiori*, the Court should not take away the *power*, given by the will to the trustee *to create an income fund ;* by a decree that the whole income shall be called out of his hands, and that too without the *necessity* contemplated by the testator.

The bill should allege what has been the *actual deficiency*, if *any* thing, and a demand for that amount, and not a general demand for the *whole income.*

SHEPLEY, C. J. — The testator bequeathed to his wife, now the female plaintiff, all his household furniture, and the homestead wherein he dwelt, during her natural life, and the entire income of his whole estate. He appointed the defendant his trustee, and directed " the whole of my said property, which is not hereby given absolutely to my wife, is to be held by said trustee in trust for my said wife and children, until they shall be entitled to receive the same absolutely under the terms of this will." The will contains the following clause — " All the residue of my property to be ascertained as near as possible, after paying my debts, I give and bequeath unto my beloved wife absolutely."

The intention of the testator is thus clearly exhibited to

make a distinction between that which was given absolutely to his widow, and which was not to be held by the trustee, and that which was not so given, and which was to be held by the trustee. That it was not his intention to give the income absolutely to his widow is apparent, because he includes it among the property to be held by the trustee, and directs him to pay it over to her, to invest any surplus of it, and to divide such surplus among his children; and also because the income " is to be appropriated to the use of my beloved wife for her own and our children's support." The disposition to be made of any surplus income remaining yearly, after sufficient has been appropriated to support his wife and children, is inconsistent with a bequest of the whole income to the widow absolutely as her own property.

The trustee is directed to draw upon that surplus, if in any year the income should be insufficient to defray the expenses of the family. If the surplus fund should accumulate, the trustee is directed to pay to each of the testator's children, when of age, his equal proportion of it; and to divide the surplus annually among the children after the youngest becomes of age.

The construction insisted upon for the widow, that the whole annual income is bequeathed to her, as her own property absolutely, would be inconsistent with these provisions and subversive of these purposes of the testator.

If any surplus of income remain, and should be invested in accordance with the directions of the will, it would by this construction be her property, and her children, when of age, would not be entitled to it; and in case of her decease, her administrator could recover the whole surplus of the trustee and deprive the children of all benefit of it.

The bequest to her is however of the " entire income of my whole estate," and she is entitled to it in some character or capacity, which will not occasion a conflict between this and other provisions of the will.

No form of words or mode of expression is necessary to create a testamentary trust.

Words of request or desire, or words expressive of full confidence, that the devisee will do an act, or that the testator has no doubt that the devisee will dispose of the property, in a manner named, have been considered sufficient to charge the devisee with a trust. Fonbl. c. 2, § 4, note (H); *Wright* v. *Atkyns*, 1 Tur. & Russ. 143.

In the case of *Pushman* v. *Filliter*, 3 Ves. 7, the testator bequeathed to his wife all his personal estate " desiring her to provide for my daughter Anne out of the same," and the property was considered to be held in trust, so far as it respected the support of the daughter.

In this case the bequest was not only made " to be appropriated" " for her own and our children's support" but she is directed how to support and educate the children, and any surplus, that might remain after accomplishing these purposes, is to be invested by the trustee to be by him divided among the children.

The intentions of the testator can only be executed by regarding the income as bequeathed to the wife in trust, to be by her appropriated, so far as needed, to her own support and to the support and education of their children, leaving any surplus remaining as a bequest to the children. The rules of law fully authorize such a construction of the language, and the intentions of the testator may be fully executed by it.

It remains to consider, who is to determine the amount, which may be required or necessary for these purposes.

No authority is by the will conferred upon the trustee to do it. No discretion is confided to him respecting the support of the widow, or the support and education of the children. He is protected by the receipt of the widow, as his voucher, for the amount to be paid to her from the income. He is directed to pay over to the widow " the income from said estate as she requires." He could not be charged as trustee with any breach of trust, should he wholly neglect to attend to the expenditure of the income paid over to her for the purposes named. Admitting the word " requires" to have been used in the sense of needs, the support of herself and children, and

their education, being confided to her, she must judge of her own and of their necessities, and she is entitled to call upon the trustee to pay to her such portion of the income, as she may from time to time determine to be necessary for those purposes.

No court or tribunal is by the terms of the will authorized to interpose to determine the amount to be annually paid for those purposes. It might be essentially varied by the illness or health of herself or of the children. Nor is the widow by the will constituted the exclusive judge of the amount. She is simply placed in the position of a trustee.

Every trustee is accountable to a proper tribunal for a faithful execution of the trust. The widow in this case is not without responsibility, nor the children without an adequate remedy to correct or to prevent any extravagant expenditure, or waste, or misapplication of the income. If the guardian of the children, who are entitled to any surplus, has any just cause to conclude, that the widow is conducting unfaithfully in the execution of the trust, he may cause a bill to be filed in their names, and obtain an account of the manner in which the trust has been executed ; and thus any abuse of the trust may be corrected or prevented by this Court, although it is not in this suit entitled to determine the amount to be annually paid to the widow.

The decree, to which exceptions have been taken, is not wholly free from objection. It requires the trustee to pay, upon the requisition of the widow, " the income of the estate in his hands." This might include not only the annual income but the whole of the surplus fund. The bill does not allege that any part of the income was improperly withheld from her before the first day of January, 1850. Whatever had been carried to the surplus fund before that time, must be considered as done without objection, and therefore not to be recalled except upon a requisition made by her on account of the income of some year proving to be insufficient. There is no allegation in the bill, that the whole income has proved in any year to be insufficient. She cannot therefore be entitled to claim from that fund any thing for their support or education during the past years.

A decree may be drawn and entered, that the former decree be reversed ; and that the trustee pay to the female plaintiff such portion of the annual income received for the year 1849, and for the several years since that time to the first of January, 1853, as she may require.

As this suit appears to have been instituted to have the rights of the respective parties clearly ascertained, and as both parties are presented in the capacity of trustees, no costs are awarded to either, but the costs of both parties may be a proper charge upon the income.

Tenney, Howard and Appleton, J. J., concurred.