BENJAMIN H. BACHELDER *versus* ROBERT THOMPSON & al.

When an execution is levied on the rents and profits of a life estate, under the provisions of R. S., c. 94, § 14, the debtor is entitled to a *specific statement* of what has been done, in order that he may see whether more of his property has been taken than an amount equal to the debt and costs.

The return should either state in dollars and cents the precise value of the rents and profits set off; or else there should be a reference to other papers that will make the amount certain.

If the amount exceeds by only a few cents the *exact sum* required, the levy will be void. It will be void also when the return is so indefinite that the precise amount cannot be computed, and the question, whether there be excess or not, cannot therefore be determined.

The mere statement in the return that the rents and profits set off for a certain time *will be sufficient*, in the estimation of the appraisers, to satisfy the execution and all fees, is not sufficiently definite to meet the requirements of the statute.

ON FACTS AGREED.

This was an action of trespass *quare clausum*, to recover for damages done by the defendants, in entering upon, and taking the income of certain real estate, the rents and profits of which had been set off to the plaintiff on execution. It will be seen, by the opinion of the Court, that the right of the plaintiff to recover turned upon the question of the validity of the levy.

*White & Palmer*, for defendant, contended that the levy was fatally defective.

The return does not show an actual appraisement of either land, or rent and profits. It simply asserts that it was estimated that the yearly rents and profits would be "sufficient" to pay the execution and all fees, but how much more it does not say. Nor does any part of the return say that the appraisers went upon, or proceeded with the officer, or examined the land, so as "to be able to ascertain its true value."

It is hardly sufficient in an appraisement, in a legal sense, to say that there is enough of a thing for a certain purpose. It should appear at what sum the yearly rents were fixed.

This is a statute proceeding, and all the requirements must appear by the return to have been complied with. *Litchfield* v. *Cudworth*, 15 Pick. 28; *Monroe* v. *Redding*, 15 Maine, 153.

*Knowlton*, for plaintiff.

As to the legality of the levy, all the provisions of R. S., c. 94, § 14, were strictly followed. The value of the whole life estate of Robert Thompson was more than the amount of the execution. Hence it was necessary to levy on the "rents and profits."

In such a case, the language of the statute is, "the appraisers shall estimate the rents and profits for such length of time as shall be sufficient to satisfy the execution." This was done by the appraisers, and their "length of time" was one year. What more, what less, what else, could, or should, or ought to have been done by them? The statute does not call for an "appraisement." An "estimation of the length of time" is all that is required.

Defendants' counsel further says it does not appear that said appraisers viewed the land, or went on to it with the officer. Their certificate states, "we have this day viewed a tract of land," &c. They also say they have set it out by metes and bounds. *Sturdivant* v. *Frothingham*, 1 Fairf. 100.

If the appraisers proceeded under the direction of the officer, this is sufficient. *Roop* v. *Johnson*, 23 Maine, 335.

The last objection to the validity of the levy is that no sum was fixed as the yearly value. Sec. 14, c. 94, does not

require it. The length of time to satisfy the execution was estimated, and this is enough to meet the requirements of law.

MAY, J.—The right of the plaintiff to recover depends upon the validity and effect of the levy, made upon his execution against Robert Thompson, June 10, 1853. That levy was upon the rents and profits of the premises described in the plaintiff's writ, and it is alleged that the said Thompson had a life estate therein.

It appears, from the return of the appraisers, that they estimated that the rents and profits of said land, exclusive of the buildings thereon standing, for one year, would be sufficient to satisfy said execution; and that they set out said tract of land for that time to satisfy said execution and all fees. The return of the officer is very similar in its language, except that it states the amount of the fees. No mention is made, in the return of either, of the amount then due upon the execution, nor does it appear whether interest was computed on the sum due on the execution or not. If interest was included in the computation, there is nothing to show the time when the rents and profits were regarded as falling due, and to which the interest should have been computed.

The R. S., c. 94, § 14, in express terms, provides that, when an execution is levied on the rents and profits of a life estate, "the appraisers shall estimate" them "for such length of time as shall be sufficient to satisfy the execution; and for such term of time the premises shall be set off to the creditor, if the life estate shall so long continue; computing interest on the sum due on the execution, and deducting the rents and profits, as so much paid from time to time, when the rents and profits fall due." This provision is imperative in its requirements. Do the proceedings upon the plaintiff's execution show a compliance therewith? We think not.

The debtor is entitled under the statute to a specific statement of what has been done. Public policy requires such statement, that he may see whether more or less of his property has been taken, than the amount of the debt and costs

which he owes. The return should state, in dollars and cents, the precise estimation of the rents and profits which have been set off, or at least there should be some reference to other papers by which the amount can be made certain. *Rawson & als.* v. *Clark*, 38 Maine, 223. If the amount exceeds, even by a few cents by way of interest, or otherwise, the exact sum required to satisfy the debt and costs, the levy will be void. *Glidden* v. *Chase*, 35 Maine, 90; *Brown* v. *Lunt*, 37 Maine, 423; or, if the language of the return be so uncertain that it cannot be told whether there be any excess or not included in the levy, then it cannot be regarded as sufficient to pass the estate.

A mere statement in the return that the rents and profits for a certain time, in the estimation of the appraisers, *will be sufficient* to satisfy the execution and all fees, would be true even if they exceeded double that amount. A precise actual value should be put upon them. The return in this case, failing to conform to the principles before stated, is clearly too loose to be upheld. It, therefore, becomes unnecessary to consider the other questions which the counsel have discussed. The plaintiff must be nonsuit.

TENNEY, C. J., and HATHAWAY, GOODENOW, and APPLETON, J. J., concurred.