Hardenburgh *v.* Blair. ·

Augustus A. Hardenburgh and others, executors &c.,

*v.*

John A. Blair, receiver &c., and others.

A testator gave to his executors a fund, in trust, for each of his four children and his or her issue, and " to safely invest it and pay to each one of his children the interest and income of it during his or her natural life, in such manner and in such amounts as the executors shall deem most prudent." On a bill filed by the executors for the construction of this clause, and for directions as to their duty,—*Held*, that they must apply so much of the income of one of the children as will be sufficient to satisfy a judgment recovered against him, a receiver having been appointed under supplemental proceedings on the execution, and it appearing, by the bill, that of the income coming to the legatee the executors have enough money in their hands, over and above the amount which they deem it prudent to pay the legatee, to satisfy the judgment with costs and interest.

Bill for relief.   On final hearing on bill and answers.

Note.—Trusts cannot, generally speaking, be created with a proviso that the equitable estate or interest of the *cestui que trust* shall not be alienated. *Perry on Trusts* § 386 ; *Story's Eq. Juris.* § 974a ; 3 *Wms. on Ex'rs* 1374 ; and see especially *Mandlebaum* v. *McDonnell*, 29 *Mich.* 78, reviewing the principal cases ; *Teague's Case, L. R.* (10 *Eq.*) 564.

A bequest of money in trust for W., " not subject to any debt or debts he may have contracted, but for his comfort and support," —*Held*, subject to his debts, nevertheless, because the condition is void. *Smith* v. *Moore*, 37 *Ala.* 327 ; *Mebane* v. *Mebane*, 4 *Ired. Eq.* 131 ; *Gray* v. *Obear*, 54 *Ga.* 231 ; *McIlvaine* v. *Smith*, 42 *Mo.* 45 ; see *Stagg* v. *Beekman*, 2 *Edw. Ch.* 89 ; *Nichols* v. *Levy*, 5 *Wall.* 433.   The United States supreme court, however, in *Nichols* v. *Eaton*, 1 *Otto* 716, refused to sanction the doctrine that the power of alienation is a necessary incident to a devisee's life estate in real property, or that his interest, rents and profits of real estate, or dividends and income of personal

Hardenburgh *v.* Blair.

*Mr. L. Zabriskie*, for complainants.

*Mr. H. Traphagen*, for defendant Blair.

THE CHANCELLOR.

Charles G. Sisson, deceased, formerly of Jersey City, by his will gave to his executors $1,000,000 in trust, to hold $250,000 of it for each of his four children, and his or her issue, and to safely invest it and pay to each one of his children the interest and income of it during his or her natural life, in such manner and in such amounts as the executors should deem most prudent.

The testator died August 21st, 1874. His executors, the complainants, hold, on the above-mentioned trust, $250,000

property, cannot be given and granted by a testator free from all liability for the debts of the grantee (see 10 *Am. Law Rev.* 591, criticising this decision); also, *Still* v. *Spear*, 3 *Grant's Cas.* 306 ; *Shankland's Appeal*, 47 *Pa. St.* 113 ; *Rife* v. *Geyer*, 59 *Pa. St.* 393 ; *Wells* v. *McCall*, 64 *Pa. St.* 207.

Devises or bequests forbidding alienation for a limited time, or to a particular person, are good. *Perry &c., supra ; McKinster* v. *Smith*, 27 *Conn.* 628 ; *Macleary's Case, L. R.* (20 *Eq.*) 186 ; *Stewart* v. *Brady*, 3 *Bush* (*Ky.*) 623; *Hamersley* v. *Smith*, 4 *Whart.* 126, 128 ; see *Blackwell* v. *Blackwell*, 3 *Gr.* 386; *Van Middlesworth* v. *Schenck*, 3 *Hal.* 29 ; *Lippincott* v. *Ridgway*, 2 *Stock.* 164; *Attwater* v. *Attwater*, 18 *Beav.* 330 ; *Teague's Case, L. R.* (10 *Eq.*) 564 ; *Cunynghame's Case, L. R.* (11 *Eq.*) 324. Also, gifts to be forfeited on the bankruptcy or insolvency of the donee. *Perry, &c., supra ;* see, further, the following recent cases : *White* v. *Chitty, L. R.* (1 *Eq.*) 372; *Cox* v. *Fonblanque, L. R.* (6 *Eq.*) 482 ; *Lloyd* v. *Lloyd, L. R.* (2 *Eq.*) 722; *Trappes* v. *Meredith, L. R.* (9 *Eq.*) 229 ; *Hatton* v. *May, L. R.* (3 *Ch.*) 148 ; *Hunt* v. *Furber, L. R.* (3 *Ch.*) 285 ; *Sharp* v. *Cosserat*, 20 *Beav.* 470 ; *Manning* v. *Chambers*, 1 *D.G. & Sm.* 282; *Oldham* v. *Oldham, L. R.* (3 *Eq.*) 404 ; *Nichols* v. *Eaton*, 1 *Otto* 716 ; *Bridge* v. *Ward*, 35 *Wis.* 687 ; *Tillinghast* v. *Bradford*, 5 *R. I.* 205 ; *Bryan* v. *Knickerbacker*, 1 *Barb. Ch.* 409. But if the prohibition against alienation does not include a forfeiture of the estate as its consequence, the *cestui que trust* may assign his interest, and the assignee has a right to an account for the rents and profits thereafter. *Dick* v. *Pitchford*, 1 *Dev. & Bat. Eq.* 480; *Palmer* v. *Stevens*, 15 *Gray* 343 ; see *Nixon* v. *Rose*, 12 *Gratt.* 425. So, where the bequest was in trust to pay the interest of a fund to the testator's wife for life, for the separate use of his wife and their children, to be applied for her and their maintenance, support, education, &c., the widow mortgaged her interest and became insolvent.—*Held*, that the trust was only for those children needing support, and a reference was ordered to ascertain how much of the income was necessary, the

Hardenburgh v. Blair.

for his son Charles.   The bill states, that Charles is of full age and has a wife and child; that he is not prudent in the management of his affairs, and has, besides spending the liberal income which he has received from the bequest, become indebted to various persons in a very considerable sum of money in the aggregate; that numerous suits have been brought against him on account of such indebtedness, and that in some cases judgments have been recovered against him, which remain unpaid, and in other cases his creditors are proceeding to judgment on their claims against him. Upon proceedings under the act " respecting executions " (*Rev.* p. 389), upon one of the judgments, the defendant, John A. Blair, was appointed receiver of so much of the property and things in action belonging to, or due to, or

surplus to go to the mortgagee.   *Carr* v. *Living*, 28 *Beav.* 644.   In New York, by statute, such an interest is inalienable.   *Van Epps* v. *Van Epps*, 9 *Paige* 237 ; *Brown* v. *Harris*, 25 *Barb.* 134 ; *Moulton* v. *de ma Carty*, 6 *Rob.* 533.   At common law the estate of a *cestui que trust* for life is not forfeited by a conveyance of his interest.   *Whestone* v. *St. Bury*, 2 *P. Wms.* 146 ;  *Letbieullier* v. *Tracy*, 3 *Atk.* 728 ;  *Bazemore* v. *Davis*, 48 *Ga.* 339.

A devise to executors to hold certain property and its proceeds until the testator's sons should become free from debt, and then to make a division among them, does not convey such an interest as enables the sons to alien, or such as to subject it to the claims of their creditors.   *Bank of State* v. *Forney*, 2 *Ired.* (*N. C.*) *Eq.* 181 ; see *Davidson* v. *Chalmers*, 33 *Beav.* 653 ; *Hall* v. *Gill*, 10 *Gill & Johns.* (*Md.*) 325 ; *Johnson* v. *Culbreath*, 19 *Ala.* 348 ; *Emery* v. *Van Syckel*, 2 *C. E. Gr.* 564 ; *Ashe* v. *Hale*, 5 *Ired. Eq.* 55.

The rule to be drawn from the cases where the trustees' discretion is *absolute* and *uncontrolled* is, that the interest of the *cestui que trust* in the estate or income can not be reached to satisfy his debts.   *Holmes* v. *Penney*, 3 *K. & J.* 90 ; *Twopenny* v. *Peyton*, 10 *Sim.* 487 ; *Leavitt* v. *Beirne*, 21 *Conn.* 9 ; *Doswell* v. *Anderson*, 1 *Pat. & Heath* 185 ; *Keyser* v. *Mitchell*, 67 *Pa. St.* 473 ; *Nixon* v. *Rose*, 12 *Gratt.* 425 ; *Hall* v. *Williams*, 120 *Mass.* 344.   The following are illustrations of what has been determined to constitute such discretion, or otherwise :

I.  *Where the creditor has sought to subject to his claim the fund itself.*

*Havens* v. *Healy*, 15 *Barb.* 296.   A trustee was to keep the share of J. in trust, and to pay it to him in small sums for the support of himself and family, or otherwise, as the trustee should decide, or for a home to be kept in trust for J. — *Held*, that J. took a beneficial interest in the fund itself, and not merely in the income; that such interest was assignable by J., would pass to bankrupt assignees, and could be reached by creditors' bill.

Hardenburgh v. Blair.

held in trust for, the debtor at the time of issuing the execution, or at any time afterwards, as will be sufficient to pay the judgment debt, with costs and interest, and the debtor was ordered to convey and deliver to the receiver all such property and rights in action, and the evidence thereof, according to the form of the statutes in such case made and provided. The complainants have in hand a considerable sum of money payable to Charles under the will, it being income derived from the $250,000 given to them by the will in trust for him; and of this income they have enough in their hands, over and above the amount which they deem it prudent to pay to Charles, to satisfy the judgment, with costs and interest. The receiver claims so much of the last-mentioned money as will satisfy the judgment and costs

*Leavitt* v. *Beirne*, 21 *Conn.* 9. B. gave to his sons, G. and O., property for the exclusive use and enjoyment of his daughter M. and her children, with full authority in G. and O. to apply the property as to them should seem best for their exclusive benefit, during the life of M., and afterwards to divide the same among her children. On a bill filed against the trustees by the payees of a note given by M.,—*Held*, that the fund was not bound by M.'s contracts, and that the trustees had the title and custody and authority to apply it according to their discretion, with which the court would not interfere until an abuse thereof should be shown. *Ellsworth & Church, JJ. dis.* See *Harper* v. *Phelps*, 21 *Conn.* 257.

*Lucas* v. *Lockhart*, 10 *Sm. & Marsh.* 466. A devise was made to a wife to have, during widowhood, the entire use, profit and control of the estate, "and to her discretion do I entrust the education and maintenance of my children during that time." — *Held*, that the widow took the estate coupled with a trust, and that, during the children's lives, it was not liable to sale to satisfy judgments against her.

*White* v. *White*, 30 *Vt.* 338. "I bequeath to my son W. * * * the sum of fifteen hundred dollars for the support of himself and family, and for no other purpose; to be paid and advanced by my executors, within five years after my decease, &c." The legacy was paid to the attorney of W.—*Held*, not attachable in the attorney's hands; following *Raikes* v. *Ward*, 1 *Hare* 445; *Crockett* v. *Crockett*, 1 *Hare* 451.

*Doswell* v. *Anderson*, 1 *Pat. & Heath* 185. M., by marriage settlement, conveyed lands and slaves in trust for her sole use for life, the profits to be applied to the support, maintenance and education of herself and her children, at her discretion. — *Held*, that the fund was not liable for her debts, contracted during or after coverture.

*Johnson* v. *Ellis*, 12 *B. Mon.* 479. Testator directed that the farm on which he lived, and all the residue &c., should be sold and the proceeds equally divided; the portion of his son O. * * * to remain in the hands of his executors, to be disposed of as they might think best for

Hardenburgh *v.* Blair.

and interest, and the complainants, being in doubt as to his right to it, or their authority to pay it, file their bill for direction.

The question presented is, whether, under the proceedings which have been had under the act respecting executions, the income in the hands of the trustees can be reached by the judgment creditor for the satisfaction of his debt. The debtor is entitled, under the will, to the annual interest of a quarter of a million of dollars. Imprudent in the management of his affairs, he not only expends this large income, but, though, as far as appears, he is not and has not been engaged in any business, and has but a small family, a wife and one child, he has run heavily in debt. That he

---

him and his heirs. — *Held,* that the executors' right does not impair the rights of creditors. If O. has an equitable right to the fund, it is subject to their claims.

*Arnwine* v. *Carroll,* 4 *Hal. Ch.* 620, 886. A.'s mother conveyed lands to C. (her grandson) in consideration of a lease to herself for life, and upon her death to pay to A. $2,000, "in such sums and at such times as A. might require"; such sum being intended for the use and support of A., he being indebted to divers persons and of an improvident disposition. There was a failure to prove the trust, but the chancellor said (p. 625), "if any claim or right of action that could be enforced, either at law or in equity, was given to the complainant, his creditors could reach the fund arising from it". See *Battle* v. *Petway,* 5 *Ired. Law* 576; *Forbes* v. *Smith,* 8 *Ired. Eq.* 30; *Freeman* v. *Perry,* 2 *Dev. Eq.* 243.

*Wells* v. *Ely,* 3 *Stock.* 172. One-fifth of a *residuum* was bequeathed to E., wife of W., in trust for the use of W.; one-fifth to C., wife of H., in trust for the use of H.; and in case H. should die before J. and S. arrive at the age of twenty-one years, his share to be divided equally between testator's surviving children. — *Held,* that W.'s share was subject to his creditors' claims. *Query,* whether the *interest* on H.'s share was so liable.

*Samuel* v. *Salter,* 3 *Met.* (*Ky.*) 259. An estate was devised to a trustee "to use and control the same as he may think best, and out of the rents &c. furnish to testator's son, * * as he may need the same, such sums as may be sufficient for his reasonable and comfortable support during life — the overplus of the rents to be divided between the son's children, and, at his death, the estate that may remain to be equally divided between them." The trustee also had power to sell; the son to have no power to charge his maintenance with his debts, nor lay the funds under any liability; and "the said trustee is not restricted or limited to the actual profits of the estate."—*Held,* that the estate was liable for the son's debts. [Consult the Kentucky statute.]

*Woodruff* v. *Johnson,* 4 *Hal. Ch.* 120, 729. A lot and dwelling-house thereon were devised to trustees by O., in trust for his son S. for his

ought not to be protected in the enjoyment, free from lia-
bility for the payment of his debts, of a large income, of
which he is the absolute owner, is almost too obvious for
remark.   As was said by Chancellor Walworth, in *Hallett*
v. *Thompson,* 5 *Paige* 583: "As a general rule it is con-
trary to sound public policy to permit a person to have the
absolute and uncontrolled ownership of property, and to
be able, at the same time, to keep it from his honest
creditors."

The question is, whether the income may be reached for
the payment of his debts by proceedings *in invitum.*   If the
debtor's interest in the income of the fund is alienable, it
undoubtedly may be reached by his creditors.   His inter-

occupation and enjoyment during life, and then to his wife for life on
the same trust, then in trust to convey the fee to S.'s heirs at law.   S.
entered into possession, and, out of his own funds, erected another
house upon the lot above devised.—*Held,* that such house was subject
to his creditors' claims, but not the *land* whereon it stood, and the
receiver was directed to ascertain the value of the ground rent, and
to deduct that sum from the rents and appropriate it to the purposes
of the trust.

*Fisher* v. *Taylor,* 2 *Rawle* 33.   A testator directed his executors to
purchase a tract of land to be conveyed to them in trust for his son,
who was to have the rents, issues and profits thereof, but the same was
not to be liable for any debts then or thereafter contracted by his said
son, at whose death the land was to vest in the heirs of his body.—
*Held,* that the interest of the son in the lands could not be taken in
execution.

*Vaux* v. *Parke,* 7 *W. & S.* 19.   Under a trust to pay the income &c.
into J.'s hands, or to such persons as he might appoint, with power of
devise in J., or to his heirs if intestate, with further power to the
trustees and J. to alter and re-invest the fund,—*Held,* that J. had no
estate liable to execution.   See, also, *Ashhurst* v. *Given,* 5 *W. & S.* 323 ;
*Shankland's Appeal* and other Pennsylvania cases, *supra p.* 43.

*Upham* v. *Varney,* 15 *N. H.* 462.   That a trustee should permit the
testator's brother to occupy lands and receive the income thereof
during his life, and then to testator's nephew and his heirs, constitutes
a use, executed in the *cestui que trust* by the statute of uses; and an
execution would bind his legal estate therein.   See *Hutchins* v. *Hey-
wood,* 50 *N. H.* 491.

*Verdin* v. *Slocum,* 9 *Hun* 150.   Trustees were to permit W., a son, to
have, receive and take the rents &c. of one-third of an estate, for
life, and then, "I give &c. the same share to the heirs at law of my
said son."—*Held,* that the entire estate vested in the trustees, so that it
was not necessary to make a judgment creditor of the son a party to
foreclosure proceedings.

est in the income is absolute. It is to be paid to him, and, when paid to him, it is completely subject to his absolute disposal. The trustees have a discretion as to the times, manners and amounts, but that circumstance will not render the income inaccessible to creditors. Where property is given to A. for life, with a proviso, condition or limitation to determine his life interest in the event of his alienating or becoming bankrupt, and there is a clear gift over, during A.'s life, to other persons, in that case the proviso, condition or limitation is valid against the assignee or creditor of A. But where the limitation over is substantially a provision for A., whether through the instrumentality of a discretionary power in trustees or otherwise, it

---

*Bryan* v. *Weems*, 29 *Ala.* 423. The title of slaves conveyed to a trustee, his heirs &c. in trust for the sole and separate use of A for life, " and, after his death, for the use &c. of his children and their heirs forever," does not cease on A's-death. See *Jones* v. *Strong*, 6 *Ired. Law* 3ƀ7 ; *Bacon's Case*, 6 *Phila.* 335, 57 *Pa. St.* 504; *Creighton* v. *Pringle*, 3 *Rich.* (*N. S.*) 77 ; *Jones* v. *McNeil*, 1 *Bail.* 235 ; *Jones* v. *Cole*, 2 *Bail.* 330. Contra, *Aikin* v. *Smith*, 1 *Sneed* 304 ; *Staggers* v. *Matthews*, 13 *Rich. Eq.* 142; see *Westcott* v. *Edmunds*, 68 *Pa. St.* 34.

*Hanson* v. *Graham*, 6 *Ves.* 249. If an entire fund is given for the maintenance of children, they take the whole fund absolutely, and the maintenance is treated, in effect, as simply a motive; but if a portion only of the fund is given for maintenance, then they are entitled to draw out so much only as may be necessary for the purpose. See *Spencer* v. *Wilson*, *L. R.* (16 *Eq.*) 501.

*Cope* v. *Wilmot*, 1 *Coll.* 369, *note.* Trustees were directed to advance and pay " any sums of money they should think proper and convenient, not exceeding in the whole £3,000," for the use of the plaintiff for life. They advanced £1,000, and declined to advance any more. After the plaintiff attained his majority he filed a bill, and the court decreed to him the remaining £2,000.

*Rowan* v. *Rowan*, 2 *Duv.* 412. A devise of realty to trustees for the use of testator's sons for life, remainder to the sons' children in fee, with a provision that the trustees "may sell of the ground allotted to each of my children for their genteel (not extravagant) support, or to pay the debts of my sons, to any amount not exceeding $10,000," gives the sons' creditors no right to subject any portion of the estate to the payment of their claims. See *Lowther* v. *Bentwick*, *L. R.* (19 *Eq.*) 166 ; *Talbot* v. *Marshfield*, *L. R.* (4 *Eq.*) 661 ; *Roosevelt* v. *Roosevelt*, 6 *Hun* 31.

*Prescott* v. *Morse*, 62 *Me.* 447. A bequest was made of a fund to be placed in the hands of the executor for the use and benefit of the legatee, as he might need it, he not to receive any more than was necessary for his benefit at the time. The legatee died before any part had been paid over.—*Held*, that his administrator could recover at law

Hardenburgh *v.* Blair. .

will be invalid, and the assignee or creditor of A. will be entitled during his life.   1 *Roper on Legacies* 794.

In *Brandon* v. *Robinson,* 18 *Ves.* 429, where a testator directed that a share of his estate which he had by his will given to his son, or the produce thereof, should be laid out in the public funds, or in government securities, at interest, by and in the names of trustees, during the son's life, and that the dividends, interest and produce thereof, as the same might become due and payable, should be paid by them, from time to time, into his son's own proper hands, or on his own proper order and receipt, subscribed with his own proper hand, to the intent that the same should not be grantable, transferable or otherwise assignable by way of

---

the amount of the fund and interest from the executor.   See *Dewart's Appeal,* 70 *Pa. St.* 403.

II.  *Where the debtor is entitled to the sole enjoyment of the income or profits of a fund, during his life-time.*

*Dick* v. *Pitchford,* 1 *Dev. & Bat. Eq.* 480.   A conveyance was made of land and slaves to trustees, on this trust, "annually to apply the rents and hire or other profits to the use and benefit of H. during his life, so that they be not subject to be sold or disposed of by him, or the rents and profits anticipated by him, or be in any manner subject to his debts or contracts; and after H.'s death, in trust for H.'s three sons."—*Held,* that the trustee had no discretion over the annual proceeds, and there being no forfeiture in case of H.'s conveyance for life, an assignment by him was good, and the assignee is entitled to the income during H.'s life and can call on the trustee to account, but that he has no right to the possession of the trust property, because of the ulterior trusts for H.'s sons.

*Presley* v. *Rodgers,* 24 *Miss.* 520.   A deed of certain slaves was given to C. during life and then to her issue, and, in default of such issue, to the grantor's children.   C. had issue, a son, who died before the slaves were attached for C.'s debt.—*Held,* that the title being in the trustees for C.'s use, and also for those in remainder, the slaves were not subject to attachment at law, but the plaintiff should proceed in equity.

*Johnson* v. *Cushing,* 15 *N. H.* 298.   J. S. gave one-third of his estate to his executors in trust, to appropriate and pay over such part of the net income at such times and in such manner as they should judge proper for the maintenance of his son T., with power of devise in T., and on failure to devise, then over to T.'s heirs.   T. devised the property, and died insolvent.—*Held,* that equity had jurisdiction for T.'s creditors, and they were entitled to the property in preference to T.'s appointee.

4

Hardenburgh *v.* Blair.

anticipation of any unreceived payment or payments thereof, or of any parts thereof; and that upon his son's decease the principal should, with the dividends, interest and produce, be paid and applied by the trustees to such persons as, in a course of administration, would become entitled to his son's personal estate, &c.; it was held that the son had an interest for life in the dividends assignable under a commission of bankruptcy, with a limitation over of the principal to those entitled under the statute of distributions. In that case it was remarked by Lord Eldon, in giving judgment, that if property be given to a man for his life, the donor can not take away the incidents to a life estate.

---

*Brown* v. *Cleary,* 1 *Rich. Eq.* 319. A judgment was obtained against a husband and wife for a debt of the latter, *dum sola.* The husband died insolvent. Afterwards a trust was created for the benefit of the wife, whereby the income of the fund was paid to her for life.—*Held,* that the judgment creditor might subject such income in the hands of the trustee to the satisfaction of his judgment. But see *Bryan* v. *Knickerbacker* 1 *Barb. Ch.* 409.

*McIlvaine* v. *Smith,* 42 *Mo.* 45. By a deed of trust, the trustee was to control and manage the property, to make loans and receive the rents and profits, to pay all the taxes and other expenses, and to pay over to the *cestui que trust,* at the end of each quarter, during his life, " the net product of said property," with remainders over, and power of appointment.—*Held,* that the trustees might be enjoined from paying over the quarterly income to the *cestui que trust,* and directed to apply it to satisfy a decree against him.

*Heath* v. *Bishop,* 4 *Rich. Eq.* 46. J. B. conveyed to B. B. two slaves, in trust " to pay over to J. G. yearly, and from year to year, or as much oftener as necessary or convenient, the net profits and income from the labor or hire of said slaves, for the better support and maintenance of the said J. G.," with further disposition after the death of J. G.—*Held,* that J. G.'s interest in the slaves was liable in equity to the claims of his creditors.

*Keyser* v. *Mitchell,* 67 *Pa. St.* 473. Under a devise to trustees to collect rents &c., and to pay said income, or so much as the trustees may think proper for the support of C. during his life, either into his own hands or in such way as to the said trustees may seem best for his comfortable maintenance; such payments and disbursements to be at all times at their sole and absolute discretion,—*Held,* that the income was not liable to attachment under a judgment against the son.

*Buckman* v. *Wolbert,* 9 *Phila.* 207. Under a bequest : " In trust to pay the income to J. for his natural life, and that the same shall not, in any way, be liable for any present or future indebtedness of J., and upon his death, in future trust, to convey the fee to his children,"— *Held,* that the income payable to J. was not liable to execution by his creditors.

Hardenburgh v. Blair.

In *Rockford* v. *Hackman*, 9 *Hare* 475, Vice-Chancellor Turner remarked, on the authority of *Brandon* v. *Robinson* and *Graves* v. *Dolphin*, 1 *Sim.* 66, that property can not be given for life, any more than it can be given absolutely, without the power of alienation being incident to the gift.

In *Graves* v. *Dolphin*, a testator had given an annuity to his son for his personal support, not to be liable to his debts, and to be paid, from time to time, into his proper hands, and not to any other person, and his receipt only to be a sufficient discharge. It was held that the annuity passed, on the son's bankruptcy, to his assignees. The vice-chancellor remarked, in pronouncing judgment, that the policy of the

---

*Benton* v. *Pope*, 5 *Humph.* 392. A gift of slaves to the donor's grandchildren, to have and to hold forever, the same to remain in the possession of their father for life, but not to be subject to his creditors or liable for the payment of his debts in any way whatever, gives the father an equitable usufruct not subject to his debts.

*Hall* v. *Williams*, 120 *Mass.* 344. A testator gave the net income of his residuary estate to his children or their issue, providing, further, that if any of them exhibited want of thrift or sound discretion, then the trustees were to pay such income in such way as to enure and be beneficial to such beneficiary's family, or to his education and support.—*Held*, that a creditor of one of the sons could not maintain a bill against the trustees and such son, to apply the future income to the payment of the debt. See *Palmer* v. *Stevens*, 15 *Gray* 343.

Unless otherwise specified in the trust, the profits or income accumulating on a fund given to the beneficiary for life belong to him, and are not to be added to the *corpus* of the fund (*Astope* v. *Goodall*, 53 *Ga.* 318; *Bazemore* v. *Davis*, 55 *Ga.* 504. See *Du Bose* v. *Carlisle*, 51 *Ala.* 590; *Staggers* v. *Matthews*, 13 *Rich. Eq.* 142); and such surplus is liable for his debts. *Bailie* v. *Mc Whorter*, 56 *Ga.* 183.

*Pope* v. *Elliott*, 8 *B. Mon.* (*Ky.*) 56. A father bequeathed $25 per month to be disposed of or appropriated for the support of his son R., out of a trust fund in the executors' hands.—*Held*, that the chancellor could not order the whole or any part of such support (which, by the absence of R. from the state, had accumulated to $225), to discharge a debt of R.'s, contracted before testator's death.

III. *Where the family or children of the* cestui que trust *are, by the provisions of the trust deed, entitled to enjoy the income or profits with him during his life-time.*

A bequest to A. of an annuity for the benefit of his wife and family during the life of A., does not include A. (if he disclaim) so that a judgment creditor can reach his interest. *Wallace* v. *McMicken*, 2 *Disney* (*Ohio*) 564. See *Kearsley* v. *Woodcock*, 3 *Hare* 185; *Whelan* v. *Reilley*, 3 *W. Va.* 597; *Bolles* v. *State Trust Co.*, 12 *C. E. Gr.* 308.

*Gamble* v. *Dabney*, 20 *Tex.* 69. On a trust to maintain the grantor's daughter and her children, free from her husband, and, after her

Hardenburgh *v.* Blair.

law does not permit property to be so limited that it shall continue in the enjoyment of the bankrupt, notwithstanding his bankruptcy.

In *Piercy v. Roberts*, 1 *Myl. & K.* 4, where a testator bequeathed a legacy of £400 to his executors in trust, to pay it to his son in such smaller or larger portions, at such time or times and in such way or manner as they should, in their judgment and discretion, think best; it was held, that the discretion of the executors was determined by the insolvency of the legatee, and that the legacy vested in the assignee of the insolvent.

In *Green v. Spicer*, 1 *Russ. & M.* 395, where trustees, under a will, had a discretion as to the manner of the application

death, to the sole use of her children,—*Held*, that the interest of the wife was not subject to execution at law, although the creditor may be entitled in equity to subject the surplus proceeds of the rents &c. to his debt.

*Cole* v. *Littlefield*, 35 *Me.* 439. A testator gave to a trustee all of his estate, to apply the income to his wife as she should require, for her support and that of their minor children, with further direction to the trustee to invest the surplus of the income for any year to make up any deficiency, and to be paid to the children, with their several portions, at maturity.—*Held*, that the wife may determine how much of the income is requisite for their support, and that the trustee must pay her the whole of it, if she so requests.

*Loring* v. *Loring*, 100 *Mass.* 340. On the following gift: "I give to my wife my personal property for her benefit and support, and the support of my son, whilst she remains unmarried,"—*Held*, that she took such property in trust during her widowhood, the income of one half to be applied for her own benefit and support, and that of the other half for the support of the son.

*Chase* v. *Chase*, 2 *Allen* 101. Under a will creating a trust fund, with directions to pay the income yearly to the testator's son, "for the support of himself and his family, and the education of his children," the wife and children can enforce, in equity, the due appropriation of part of the income for their benefit. See *Bridgen* v. *Gill*, 16 *Mass.* 522.

*Rippon* v. *Norton*, 2 *Beav.* 63. Property was settled on J., until he should take the benefit of the insolvent act, and then trustees were to apply it in such manner and to such persons, for the board, lodging and subsistence of J. and his family, as they should think proper. J.'s wife had died, leaving three children. After becoming an insolvent,—*Held*, that J.'s assignees were entitled to one-fourth of his life interest. [See 7 *Geo. IV*, c. 57.]

*Page* v. *Way*, 3 *Beav.* 20. Real and personal estate were conveyed to trustees to receive the rents and profits, and to pay and apply the

Hardenburgh *v.* Blair.

of the trust fund for the benefit of a particular person, but no power to apply it otherwise than for the benefit of the *cestui que trust* during his life, it was held that his interest passed to his assignees under the insolvent act, notwithstanding a proviso in the will that he should not have the power to sell, mortgage or anticipate the income of the fund.

In *Younghusband* v. *Gisborne*, 1 *Coll.* 400, where the trust was for the support, clothing and maintenance of an adult, it was held to be a trust for his benefit generally, and to devolve to his assignees under the insolvent act, notwithstanding a provision to the contrary in the will by which the trust was created.

same for the maintenance and support of the donor, his wife and children, if any ; or to permit the rents &c. to be received by said donor during his life, but without power to anticipate or charge the same. * * * The donor became bankrupt. There was no issue of the marriage. — *Held*, that the trustees had a discretion to pay the donor the whole income, but that it was their duty to see that the wife was maintained ; and a reference was made to ascertain what would be a proper allowance for the wife, the donor's assignees in bankruptcy to take the rest. See *Wetherell* v. *Wilson*, 1 *Keen* 80 ; *Kearsley* v. *Woodcock*, 3 *Hare* 185 ; *Carr* v. *Living*, 28 *Beav.* 644.

*Wallace* v. *Anderson*, 16 *Beav.* 533. By a settlement, trustees were, after the bankruptcy of the husband and the death of his wife, to pay the income " in such manner for the maintenance and support, or otherwise for the benefit of the husband and the issue, as they might think proper." — *Held*, that such discretion was not taken away by the bankruptcy of the husband and the death of the wife, so as to entitle the husband and the issue to take equally. After inquiry as to what had been properly applied for the maintenance of the issue, the assignees were declared entitled to the surplus.

*Holmes* v. *Penny*, 3 *K. & J.* 90. A voluntary settlement of a life interest, applicable to the maintenance of A., his wife and children, or any of them, at the uncontrolled discretion of the trustees, is valid, and the court can not apportion the income between A., his wife and children, so as to make A.'s part of it available for his creditors.

*Twopenny* v. *Peyton*, 10 *Sim.* 487. A direction to trustees to apply during the life of A. (a bankrupt and lunatic) the whole, or such part of the interest of the fund, at such times, in such proportions and in such manner, for his maintenance and support, and for no other purpose whatsoever, as they in their discretion should think most expedient, creates no interest to which his assignees in bankruptcy are entitled.

*Wylie* v. *White*, 10 *Rich. Eq.* 294. A testator bequeathed to his son W., during his natural life, the use and benefit of certain negroes, "but

Hardenburgh *v.* Blair.

In *Snowden* v. *Dales,* 6 *Sim.* 524, where A. assigned £800
to trustees, in trust, during the life of B., or during such
part thereof as they should think proper, and at their will
and pleasure, but not otherwise, or at such other time or
times, and in such sum or sums, portion or portions, as they
should judge proper and expedient, to allow and pay the
interest of the £800 into the proper hands of B., or other-
wise, if they should think fit, in procuring for him diet,
lodging, wearing apparel and other necessaries, but so that
he should not have any right, title, claim or demand in or
to such interest other than the trustees should, in their or
his absolute and uncontrolled power, discretion and inclina-
tion, think proper or expedient, and so as no creditor of his

---

the said negroes not to be removed from the state, nor to be disposed
of by him or any other person whatsoever, but to remain exclusively
for the annual support of my said son and family."—*Held,* that while
W.'s interest is not subject to sale under execution at law, it may be
made liable in equity.

*Ioor* v. *Hodges, Speer's Eq.* 593. Under a trust to permit a husband,
during the joint lives of himself and wife, to receive all the income to
and for their own use and benefit, and after the husband's death to
transfer the fund discharged of any trust to the wife, if she survive, or
to her issue or next of kin,—*Held,* that the husband's interest could
not be seized and sold under execution at law, because the trustees
must have the title in order to carry out the trust after his death;
nevertheless, equitable proceedings might be instituted to reach the
husband's interest during life.

*Rugely* v. *Robinson,* 10 *Ala.* 702. A trust was given for the benefit of
the donor's son E., not subject to the payment of any of his debts, nor
should the profits of the trust be applied to such payments, but held
for the use and benefit of E. and his family during E.'s life, and then
to E.'s devisees or heirs at law.—*Held,* that the property intended to
be used jointly by E. and his family, in specie, as the house, furniture,
&c., cannot be severed or reached by creditors; *aliter,* as to any income
in money &c. of which an account may be ordered, and E.'s share in
the net product subjected to his debts.

*Hill* v. *McRae,* 27 *Ala.* 175, 182. Property was bequeathed to be held,
used and managed by a trustee, who was also empowered with the
assent of the *cestui que trust,* T., to sell the property and re-invest the
proceeds on the same trust. The trustee was forbidden to pay any
debts of T., and was directed to pay over to T., from time to time,
such part of the income of the said trust estate (or the whole, if
required,) as might be necessary for the comfortable and reasonable
support of the said T., and of his wife and children, should he have
any, the same to be used by the said T., with power of testamentary
disposition in T., and, on failure thereof, to his next of kin. T. was

Hardenburgh v. Blair.

should or might have any lien or claim thereon in any case, or the same be in any way subject or liable to his debts, dispositions or engagements; and it was declared that, after his death, the £800 and all savings and accumulations of interest, if any, should be in trust for his children, and if he should have no child, then in trust for C.; it was held, A. having become bankrupt, that his life interest (the trustees had paid him down to his bankruptcy) passed to his assignees.

In *Hallett* v. *Thompson*, 5 *Paige* 583, where a legacy was bequeathed absolutely to the legatee, but by the will the executors were directed to retain it in their hands, and put it on interest, and pay the annual interest to the legatee for

unmarried at the time of the testator's death, but married afterwards, and his wife survived him.—*Held*, that his wife took a joint interest with him in such portion of the income as was necessary for their comfortable and reasonable support, and that no portion of the income could be subjected, in equity, to T.'s creditors.

*Roberts* v. *Hall*, 35 *Vt.* 28. A farm, with the stock, was devised in trust for G. and his wife and children during the lives of G. and his wife, and then to be divided equally among the children; and that the trustees might permit G. to have the management of the property so long as, from his habits &c., they should think it safe and prudent so to do.—*Held*, that absolute ownership could not be inferred from the occupation of the farm and use of the stock &c. by G., for the benefit of his family, and that stock raised by G. from that devised was not subject to his debts. See *Whitcomb* v. *Cardell*, 42 *Vt.* 24; *Brown* v. *Williamson*, 36 *Pa. St.* 338.

*Nickell* v. *Handly*, 10 *Gratt.* 336. A trustee was directed so to use and conduct a farm, &c., as to be most advantageous to the interest and support of H. and her five children during her life-time. Judgments were afterwards recovered against H., and after her discharge as an insolvent debtor, a creditors' bill was filed.—*Held*, that one equal sixth part of the trust property, or its annual product, could not be set apart for H. and each of her children, but the trustee must retain the whole and apply it to their support according to their several necessities; and that the creditors would only be entitled to H.'s ratable proportion of the surplus of the annual product remaining after the support of all of them had been provided for. See *Coutts* v. *Walker*, 2 *Leigh* 268; *Armstrong* v. *Pitts*, 13 *Gratt.* 235.

On a judgment for a debt contracted after a *solvent* debtor had transferred all his estate to trustees, "the interest to be appropriated to the maintenance and use of his family and himself during their lives," the court ordered the annual value of the debtor's interest to be ascertained, and decreed that the trustee pay the debt when in funds. *Cosby* v. *Ferguson*, 3 *J. J. Marsh.* 264; *Kempton* v. *Hallowell*, 24 *Ga.* 52;

Hardenburgh v. Blair.

life, unless he should, by a legal written instrument, require the payment of the principal of the legacy to himself, in which case the whole was to be paid to him, with the power to the legatee to dispose of the legacy by will if he did not receive it in his life-time, and to be paid to his heirs if he did not receive it himself or dispose of it by his will at his death; and the testatrix, by the will, declared that neither the legacy nor the interest thereof should be liable to any of the creditors of the legatee for the payment of his debts; it was held that the absolute power of the legatee to compel a payment of the legacy to himself was such a beneficial power as would pass to his assignees under the title of the revised statutes of New York relative to the assignment of

*Rice* v. *Burnett, Speer's Eq.* 579; *Jones* v. *Fort,* 1 *Rich. Eq.* 50; *Creighton* v. *Clifford,* 6 *Rich.* (*N. S.*) 188; but see *McLaurine* v. *Monroe,* 30 *Mo.* 462.

Under such a settlement, debts of the husband cannot be charged on the prospective profits or income. *Markham* v. *Guerrant,* 4 *Leigh* 279.

The *statutes* of the several states authorizing a sale or sequestration of the interest of a *cestui que trust,* only apply to cases where the *cestui que trust* holds the estate or income solely, and are construed strictly. *Harrison* v. *Battle,* 1 *Dev. Eq.* 541; *Lynch* v. *Utica Ins. Co.,* 18 *Wend.* 236; *Bogart* v. *Perry,* 17 *Johns.* 351; *Ontario Bank* v. *Root,* 3 *Paige* 478; *McGee* v. *Hussey,* 5 *Ired.* (*N. C.*) *Law* 255; *Anderson* v. *Briscoe,* 12 *Bush* 344; *Stewart* v. *McMartin,* 5 *Barb.* 438; see, also, *Donalds* v. *Plumb,* 8 *Conn.* 447; *Blanchard* v. *Taylor,* 7 *B. Mon.* 645; *Samuel* v. *Salter,* 3 *Metc.* (*Ky.*) 259; *Bachelder* v. *Thompson,* 41 *Me.* 539; *Bridgman* v. *McKissick,* 15 *Iowa* 260; *Lang* v. *Ropke,* 5 *Sandf.* 363; *Brown* v. *Harris,* 25 *Barb.* 134; *Brown* v. *Tucker,* 47 *Ga.* 485; *Matthews* v. *McPherson,* 65 *N. C.* 189; *Campbell* v. *Foster,* 35 *N. Y.* 361; *Roosevelt* v. *Roosevelt,* 6 *Hun* 31; *Wetmore* v. *Truslow,* 51 *N. Y.* 338.

In construing such statutes strictly, the English decisions on 29 *Car. II,* c. 3, § 10, are followed. See *Doe, Hull* v. *Greenhill,* 4 *B. & Ald.* 684; *Finch* v. *Earl of Winchelsea,* 1 *P. Wms.* 277; *Forth* v. *Duke of Norfolk,* 4 *Madd.* 503.

*Clute* v. *Bool,* 8 *Paige* 83.   A direction to executors to set apart a fund sufficient to raise an annuity to be paid to a son for life in quarter-yearly payments, and the principal to his issue &c., creates such a fund as cannot be reached by creditors' bill against the son, before the quarterly payments become due; nor would it pass to an assignee in insolvency. [See further, for application of statute of New York to this case.]   Also, *Degraw* v. *Clason,* 11 *Paige* 136; *Scott* v. *Nevius,* 6 *Duer* 672; *Markham* v. *Guerrant,* 4 *Leigh* 279.

*Rider* v. *Mason,* 4 *Sand. Ch.* 351, 2 *Barb. Ch.* 79.   Under the New York statute, the surplus of an annuity for life, payable to A. half-yearly out of the income of an estate devised to trustees, beyond what is necessary for his support, is liable for his debts.   *Miller* v. *Miller,* 1 *Abb.*

Hardenburgh v. Blair.

the estates of non-residents, absconding, insolvent or imprisoned debtors, and that the legacy might be reached by a creditors' bill, and applied in satisfaction of a judgment against the legatee. See, also, *Ames* v. *Clark*, 106 *Mass.* 573; *Story's Eq. Juris.* § 974a.

In *Degraw* v. *Clason*, 11 *Paige* 136, the same chancellor (Walworth) referred to the case of *Hallett* v. *Thompson*, with approval, as having decided that the thirty-eighth section of the article of the revised statutes of New York relative to the court of chancery, which, in authorizing proceedings for discovery in equity, with a view to satisfaction of a judgment at law, accepts the case "where the trust has been created by, or the fund held in trust has proceeded

---

*New Cas.* 30, 7 *Hun* 208; *Parker* v. *Harrison*, 10 *Jones & Spen.* 150; *Moulton* v. *de ma Carty*, 6 *Rob.* 533.

*Genet* v. *Foster*, 18 *How. Pr.* 50. Whether the whole income of a fund is necessary for the support of an annuitant, and whether any part of such income should be applied to satisfy a judgment, can not be determined by supplementary proceedings on an execution and the appointment of a receiver by the judgment creditor. The judgment debtor and trustees must be made parties. See *Scott* v. *Nevius*, 6 *Duer* 672; *Locke* v. *Mabbett*, 2 *Keyes* 457, 3 *Abb. Ap.* 68; *Brown* v. *Tucker*, 47 *Ga.* 485.

*Scott* v. *Nevius*, 6 *Duer* 672. A reference may be ordered to ascertain and fix the amount necessary for an annuitant's support, and the trustees be directed to pay over the surplus for the satisfaction of a judgment creditor. See *Bramhall* v. *Ferris*, 14 *N. Y.* 41.

*Hann* v. *Van Voorhis*, 15 *Abb. Pr.* (*N. S.*) 79, 5 *Hun* 425. An action to reach a surplus, arising upon a trust for the benefit of a debtor, can not be commenced before such surplus has accumulated. An injunction will not lie against the trustees, to restrain them from expending more than is necessary for the support &c. of the *cestui que trust*. See *Graff* v. *Bonnett*, 25 *How. Pr.* 470, 2 *Rob.* 54, 31 *N. Y.* 9.

The creditors must show the existence of a surplus. *Graff* v. *Bonnett*, 31 *N. Y.* 9; *Nickell* v. *Handly*, 10 *Gratt.* 336.

In determining what is a reasonable sum for the support of a *cestui que trust*, as provided by statute, the referee may take into consideration his situation in life and the condition in which he was left by the donor. *Genet* v. *Beekman*, 45 *Barb.* 382; *Moulton* v. *de ma Carty*, 6 *Rob.* 533.

Independently of any statute, the remedy of a creditor, in such case, must be sought in chancery. *Low* v. *Marco*, 53 *Me.* 45; *Gamble* v. *Dabney*, 20 *Tex.* 69; *Heath* v. *Bishop*, 4 *Rich. Eq.* 46; *Presley* v. *Rodgers*, 24 *Miss.* 520; *Johnson* v. *Cushing*, 15 *N. H.* 298.

For illustrations of cases where chancery has sometimes controlled the discretion of an executor or trustee, see *Clark* v. *Parker*, 19 *Ves.* 1;

Hardenburgh v. Blair.

from, some other than the debtor himself," was only intended to exempt the beneficial interest of the *cestui que trust* in those cases where he himself could not voluntarily alien his interest in the trust property, and that in those cases a general assignment to the receiver would not convey to him an interest in a trust for the receipt of the rents and profits of lands, or of the interest or income of personal estate for the use of a *cestui que trust*, which, by law, is inalienable by the assignor. Nor does it seem to be questionable whether the income can be reached through proceedings under the act respecting executions. The power given by that act to sue for and apply the property and things in action of the debtor to the payment of the judgment will enable the creditor to reach the income in the hands of the trustees. *Miller* v. *Mackenzie*, 2 *Stew.* 291. Referring to that statute, the court in that case said: "Defining the effect of his appointment, the act says that he 'thereby shall receive authority to possess, receive, and, if need be, in his own name, as such receiver, sue for such property and things in action.' These terms are quite comprehensive, and, the statute being a remedial one, it would seem illegitimate to limit their effect, unless compelled to such course by very cogent considerations. The right to sue here given must comprehend the right to call for aid on the court of equity, as well as to ask it of a court of law; otherwise, purely equitable assets, although discovered, would be beyond the reach of the receiver." The proceedings in this court by the receiver, under an assignment from the debtor, or under the power conferred on him by the statute alone, will not be affected or embarrassed by the question of jurisdiction raised and decided in *Whitney* v. *Robbins*, 2 *C. E. Gr.* 360, and *Frazier* v. *Barnum*, 4 *C. E. Gr.* 316.

*Norcom* v. *D'O'Euch*, 17 *Mo.* 98; *Brock* v. *Sawyer*, 39 *N. H.* 547; *Rudland* v. *Crozier*, 3 *DeG. & J.* 143; *Walker* v. *Walker*, 5 *Madd.* 424. Also, *Smith* v. *Wildman*, 37 *Conn.* 384; *Sanderson's Trusts*, 3 *K. & J.* 497; *Edgeworth* v. *Edgeworth*, *Beat.* 328; *Mahon* v. *Savage*, 1 *Sch. & Lef.* 111, 114; *Drew* v. *Wakefield*, 54 *Me.* 291. — Rep.